Sable vs. Maloney.

SABLE vs. MALONEY.

*January 9 — February 3, 1880.*

*Reformation of Deed.*

1. A written instrument will not be reformed on the ground of alleged mistake, unless the party complaining moves promptly after discovery of the mistake; nor then without clear proof.

2. In this case a judgment reforming a deed is reversed for *laches* in failing to bring suit until nearly fifteen years after both parties to the deed had knowledge of the alleged mistake; and also for the insufficiency of the evidence — the testimony of the parties to the deed (who appear to be equally credible) being in direct conflict, and neither being corroborated.

APPEAL from the Circuit Court for *Crawford* County. Defendant appealed from a judgment reforming his deed of conveyance. The case will sufficiently appear from the opinion.

For the appellant, there was a brief by *Coleman & Spence,* and oral argument by *Mr. Spence:*

1. The plaintiff, a remote grantee of John Sable, is neither party nor privy to the deed sought to be reformed, and cannot maintain this action. *Cady v. Potter,* 55 Barb., 463; Story's Eq. Jur., § 165. 2. Prompt action is required of him who would relieve himself from a mistake, especially in the execution of formal instruments in writing under seal. Plaintiff and his grantor, by their laches, have lost any right they may once have had for reformation of the deed in question. Willard's Eq., 69; Story's Eq. Jur., § 1520; *Smith v. Clay,* Amb., 645. 3. The evidence of mistake is not clear and sat-

isfactory, and where such is the case equity will not reform. *Kent v. Lasley*, 24 Wis., 654; *McClellan v. Sanford*, 26 id., 595; *Harter v. Christoph*, 32 id., 245; *Newton v. Holley*, 6 id., 592; *Lake v. Meacham*, 13 id., 355; *Fowler v. Adams*, id., 458; *Harrison v. Juneau Bank*, 17 id., 340; *Shelburne v. Inchiquin*, 1 Bro. Ch., 347; *Motteux v. London Assurance Co.*, 1 Atk., 545; Story's Eq. Jur., §157.

*A. M. Blair*, for respondent.

ORTON, J. This is a complaint, in the nature of a bill in equity, to reform a covenant in a certain deed, of the grantee, the defendant, in respect to the building and maintaining of a gate on the north side of a certain strip of land granted for a private way, alleging a mistake in said covenant in designating the *south* instead of the north line, which latter line is claimed to be according to the agreement of the parties to the deed. The deed was executed in June, 1863, and, according to the testimony of the grantor himself, he was fully aware of such mistake and claimed that it should be corrected in the fall of the same year, and the grantee denied that such was a mistake and refused to have the same corrected. Until the year 1877 no further complaint was made of such mistake, and then only by the present plaintiff, who claims to hold the land under and to have succeeded to the rights of the grantor; and no gate was ever built on said north line, and this suit was commenced, *probably*, in the year 1878.

There is no transcript of the docket entries of the clerk of the circuit court, and no dates of filing of the summons, complaint or answer, in the record, to show the exact time when the suit was commenced; but we assume that it was commenced after the plaintiff first complained of the mistake, in 1877, and before the making up of the special issues for a jury, September 1, 1878. Here was a delay of about fifteen years, and a virtual acquiescence in the correctness of the covenant in the deed during that time.

If the suit was not actually barred by the statute of limitations, there was an unreasonably long delay and great laches in its commencement, and so long a time had elapsed since the discovery of the pretended mistake, that the agreement in relation to the deed, and the circumstances connected with its execution, had been forgotten by the witnesses of the deed, and others present at its execution. On this point, the principle aptly quoted by the learned counsel of the appellant in his brief must be held to prevail in this case: "Prompt action, absence of dilatoriness, is required of him who would relieve himself from a mistake, especially in the execution of formal written instruments. To this class of cases the maxim *'vigilantibus non dormientibus jura subveniunt'* is peculiarly applicable." Willard's Eq. Jur., 69; Story's Eq. Jur., § 1520.

The language of this court in *Sheldon v. Rockwell et al.*, 9 Wis., 181, is equally applicable: "The court lends its aid only to the vigilant, active and faithful. This tardy application must be regarded as made in bad faith. After his gross and unparalleled negligence, the plaintiff can have no standing in court for the purpose of asking the relief here sought. Unreasonable delay and mere lapse of time, independently of any statute of limitations, constitute a defense in a court of equity."

We think, also, that the evidence of the mistake, given on the trial, was very unsatisfactory, and quite insufficient to warrant the circuit court to adjudge a reformation or correction of this deed, under the rule laid down by this court in *Kent v. Lasley et al.*, 24 Wis., 657: "The same and no less convincing proofs were required, than are necessary to authorize the reformation of a written contract on the ground of mistake. If the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief, upon the ground that the written paper ought to be treated as the full and correct expression of the intent unless the contrary is established beyond reasonable controversy."

The parties to the deed, who appear to be equally credible, are in direct conflict, and there was no other direct evidence nor any surrounding circumstances in corroboration of the testimony of the grantor of the deed.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded with direction to the circuit court to dismiss the complaint.