### JAMES H. LAYMAN v. MINNEAPOLIS REALTY COMPANY.[1]

January 29, 1895.

No. 9032.

**Reformation of Deed—Mutual Mistake—Evidence.**

*Held* that, to justify a court of equity so to reform a deed as to include therein land claimed to have been omitted therefrom by the mutual mistake of the parties thereto, such mistake must be established by clear, satisfactory, and convincing evidence; a mere preponderance is not sufficient. It may, however, be established by evidence of the circumstances and nature of the transaction, and the conduct of the parties in relation thereto, provided the natural and reasonable inferences to be drawn therefrom clearly and decidedly prove the alleged mistake.

**Findings Sustained.**

Evidence considered, and *held* to sustain the findings of the court, within this rule.

**Rulings Sustained.**

Certain rulings of the court upon the reception and rejection of testimony considered and sustained.

[1] Reported in 62 N. W. 113.

Appeal by plaintiff from an order of the district court for Hennepin county, Hicks, J., denying his motion for a new trial. Affirmed.

At the trial the witness Parker was asked what land he intended to describe, and what land he supposed he had described, in the deed drafted by him. The facts are stated in the opinion.

*James O. Pierce,* for appellant.

*Gilfillan, Belden & Willard,* for respondent.

START, C. J. The subject-matter of this action is 7 acres of land in the E. ½ of the S. E. ¼ of section 34, township 28, range 24, in Hennepin county, the possession of which the plaintiff claims to recover from the defendant by this action. On June 27, 1883, Mrs. Eliza Layman, the plaintiff's mother, was the owner and in possession of the south 55 acres (less 7 acres in the S. W. corner thereof) of the E. ½ of said S. E. ¼; and on that day, by warranty deed, conveyed said premises so owned by her to the plaintiff. The description of the premises in the deed was involved and obscure, but the legal effect of the deed was to convey the premises here described. On May 15, 1884, the plaintiff made and delivered to his mother, Mrs. Layman, a warranty deed, whereby he conveyed to her the south 48 acres, less 7 acres in the S. W. corner thereof; and thereupon she went into possession of the whole of the premises she had theretofore conveyed to the plaintiff, and continued in the sole possession thereof, under her deed, until October 6, 1885, when, for a valuable consideration to her paid by one Mary A. Brown, she, by warranty deed, conveyed the said 55 acres, less said 7 acres, to Brown, who then went into possession of the whole thereof. The defendant in this action, for a valuable consideration by it paid, acquired, before the commencement of this action, through mesne conveyances, all the title, legal and equitable, in and to the premises so conveyed to Brown, which Mrs. Layman had in and to said premises at the date of the delivery of her deed to Brown, and was in the possession of the whole thereof at the commencement of this action. The defendant, by its answer in this case, claims that it was the mutual intention of the plaintiff and his mother, in and by the deed from the plaintiff to her, to reconvey to her the whole of the premises which she had theretofore conveyed to him, but that, by the mistake of the scrivener who wrote the deed, and their mutual mistake, only the south

48 acres, less the excepted 7 acres, of the E. ½ of the S. E. ¼, were actually described in the deed, whereby it failed to convey the 7 acres in controversy in this case, and prays that the deed may be reformed accordingly. The trial court found as a fact that such was the intention of the parties, that the mistake was mutual, and ordered judgment reforming the deed in accordance with the prayer of the answer. The plaintiff moved for a new trial, and from the order denying his motion this appeal was taken.

1. Appellant's assignments of error 1 to 9, inclusive, may be considered together, for they are all embraced in the single question whether or not the finding of the court that it was the mutual intention of the plaintiff and his mother, by his deed to her, to reconvey to her the whole of the premises previously conveyed by her to him, and that, by their mutual mistake and the mistake of the scrivener in drafting the deed, the seven acres in dispute were omitted therefrom, is supported by the evidence. The rule as to the degree of certainty in the evidence, by which such mistake must be established, to support a decree for reformation of the deed is substantially as claimed by appellant's counsel, except it is not necessary to prove the mistake beyond a reasonable doubt. To justify a court of equity to so reform a deed as to include therein land claimed to have been omitted therefrom by the mutual mistake of the parties thereto, such mistake must be established by clear, satisfactory, and convincing evidence; a mere preponderance is not sufficient. It may, however, be established by evidence of the circumstances and nature of the transaction and the conduct of the parties in relation thereto, provided the natural and reasonable inferences to be drawn therefrom clearly and decidedly prove the alleged mistake. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. Tested by this rule, the proof of the alleged mistake in this case was plenary. A brief reference to some of the salient features of the evidence is all that need be said upon this point. There was evidence tending to show, among other matters, that the plaintiff and his mother instructed the scrivener to prepare a deed reconveying to the mother the land she had previously conveyed to him; that, pursuant to their instructions, he drafted the deed in question, and intended to and supposed he had described therein the same land conveyed by the mother to the plaintiff; that the only consideration of the first deed was plaintiff's

agreement to support his mother and his brother; that the purpose of his deed to her was to place the parties in the same situation, respectively, they were in before the agreement of support and deed to him were made; that the mother understood that his deed conveyed to her the land, and the whole of it, which she had conveyed to him; that the subsequent conduct of the parties with regard to the land is consistent and rational only upon the assumption that both understood that the whole land had been reconveyed to the mother; that the plaintiff surrendered the possession of the whole tract to her, and she afterwards conveyed it by warranty deed, while he for nearly nine years never paid the slightest attention to the now claimed seven acres, paid no taxes on it, saw others cultivating it, and made no objections or claim to it.    The plaintiff disputes portions of this evidence, but practically admits his conduct with reference to the land subsequent to making his deed.    His conduct speaks more satisfactorily as to his intention and understanding at the time he made the deed than his present words on the subject.

2. The question to the witness Parker, the scrivener, if it is to be construed as calling for his personal intention in the premises, and nothing more, was, of course, immaterial; for it was not his intention, but that of the parties to the deed, which was the material question.    But the question must be read in connection with the previous testimony of the witness as to the instructions which the parties had given him with reference to the land to be conveyed by the deed.    So reading it, it is apparent the purpose of the question and answer were to prove that the scrivener intended to and supposed he had followed the instructions of the parties, and described the land correctly.    If this be not so, it is clear that the ruling was error without prejudice.

3. Any evidence on the part of the plaintiff tending to show that he exercised acts of dominion over the land in question after he had made the deed to his mother, or that he had asserted any claims to it, would have been material.    But plaintiff's offer to show that he had asserted such claims did not relate to this particular land. Therefore the ruling of the court upon the offer was correct.

4. Evidence on the part of the defendant tending to show who cultivated the land, and paid the taxes thereon, after the plaintiff had made the deed to his mother, was properly received, for it tended to

show that the plaintiff then understood that he did not own the land; otherwise he would have paid the taxes himself, and objected to another man's occupying and cultivating his land. Evidence as to the consideration paid by the defendant and his grantors for the land was proper as a part of the history of the title.

Order affirmed.