CHARLES R. KLATT v. ALVINA DUMMERT and Others.[1]

December 13, 1897.

Nos. 10,828—(185).

**Vendor and Purchaser—Mistake in Written Contract—Reformation— Assignee without Notice Not Protected by Recording Act.**

There was a mutual mistake of the parties in reducing to writing an agreement for the sale of real estate, so that the written contract signed by the parties did not express their real intent. The written contract was recorded, and the vendee assigned the same to an innocent assignee for value, without notice of the mistake. In an action brought by the vendor to reform the contract, *held*, such assignee is not protected, either by the recording act or by the general principles of equity, from the claim of plaintiff to have the contract reformed.

Action in the district court for Stearns county against defendant Dummert and his wife and Vinet A. Whipple for the reformation of a contract on the ground of mistake. The findings are given in the opinion. From a judgment correcting the contract as to the defendants Dummert and dismissing the action on the merits as to the defendant Whipple, entered pursuant to the findings and order of Searle, J., plaintiff appealed. Reversed.

*George L. Treat*, for appellant.

The right which the defendant Whipple obtained under the contract is a chose in action. 1 Parsons, Cont. 223. The assignee of a non-negotiable chose in action takes subject to all prior equities between the original parties, and must abide the case of the person from whom he buys. 1 Parsons, Cont. 228; Fry, Spec. Per. Cont. (2d Am. Ed.) 114, note 5; Trustees v. Wheeler, 61 N. Y. 88, 105, 112; Bush v. Lathrop, 22 N. Y. 535; Fairbanks v. Sargent, 104 N. Y. 108; Bebee v. President, 1 Johns. 529; Mickles v. Townsend, 18 N. Y. 575, 580; Andrews v. Gillespie, 47 N. Y. 487; Murray v. Lylburn, 2 Johns. Ch. 441; Kleeman v. Frisbie, 63 Ill. 482; McJilton v. Love, 13 Ill. 486; Willis v. Twambly, 13 Mass. 204. The owner of a chose in action cannot alienate anything but

[1] Reported in 73 N. W. 404.

the beneficial interest he possesses, and the assignee can always inquire of the obligor and ascertain what claims he may have against the obligee from whom he is about to purchase the chose in action. Bebee v. President, supra; Trustees v. Wheeler, supra; Murray v. Lylburn, supra; Mickles v. Townsend, supra. Where there is a secret agreement between the obligor and the obligee of a bond, restricting its collection to certain property of the obligor, an assignee of the bond for value, who purchased without notice of the agreement but without inquiry of the obligor, will be affected thereby. Lane v. Smith, 103 Pa. St. 415. The defendant Whipple is not entitled to protection as a bona fide purchaser for the further reason that he does not hold the legal title to the land. 2 Pomeroy, Eq. Jur. § 740, note 3, § 756, note 1, § 785, note and cases cited; Boone v. Chiles, 10 Pet. 177; Vattier v. Hinde, 7 Pet. 252; Baynard v. Norris, 5 Gill, 468, 46 Am. Dec. 647; Trustees v. Wheeler, supra; Peabody v. Fenton, 3 Barb. Ch. 451. Where a defendant knowingly and intentionally purchases an equitable estate or interest he cannot avail himself of the defense. 2 Pomeroy, Eq. Jur. § 785, and cases cited in note.

*Miner & Barto*, for respondent.

A court of equity will not exercise its jurisdiction to reform a written contract against the substantial interest of an innocent purchaser, but his interests, as they stand upon the face of the contract, will be protected. Prescott v. Hawkins, 16 N. H. 122; Varick v. Briggs, 6 Paige, 323; 2 Pomeroy, Eq. Jur. §§ 775, 776, 829, 871, and cases cited in notes; Hanold v. Kays, 64 Mich. 439; 15 Am. & Eng. Enc. 679, and cases cited in note 3; Burns v. Caskey, 100 Mich. 94. In equity an executory contract for the conveyance of land is looked upon as equal to a conveyance. It creates a present real right and property in the land itself. 1 Pomeroy, Eq. Jur. §§ 105, 368, 372; St. Paul v. Brown, 9 Minn. 144 (157), and cases cited on page 146; Law v. Butler, 44 Minn. 482.

CANTY, J.

On the trial of this action before the court without a jury the court found that on February 10, 1895, plaintiff orally agreed to convey to the defendant Dummert and wife a certain village lot

subject to a mortgage for four hundred dollars then on the same, which mortgage was held by a third party and was duly recorded; that in consideration thereof Dummert and wife agreed to pay plaintiff $303.40; that by the mutual mistake of the parties in reducing said contract to writing, the written contract signed by them made no mention of said mortgage, but by its terms plaintiff agreed, for the consideration of $303.40 to be paid by Dummert and wife, to convey the lot to them free and clear of all incumbrance. This contract was recorded in the office of register of deeds April 2, and thereafter on September 28, 1895, Dummert and wife assigned the contract to the defendant Whipple, and the assignment was recorded October 11, 1895.

This action was brought to reform the contract of sale, and make it conform to said oral agreement. The court further found that Whipple is an innocent purchaser for value without notice, and as conclusion of law found that plaintiff is entitled to have the contract so reformed as against Dummert and wife, but not as against Whipple, and ordered the action dismissed as to him. From the judgment entered thereon, plaintiff appeals.

There is no settled case or bill of exceptions, and the only question raised is whether the findings of fact support the conclusions of law and order for judgment. It is true, as contended by respondents, that an assignee of such an executory contract comes within the protection of certain sections of the recording act (G. S. 1894, §§ 4184, 4186, 4187), but by another section (4185) such an executory contract is excepted from the definition of the word "conveyance" as used in that act. But, even if it were not so excepted, we could not hold that it was intended by the recording act to change the nature of such a contract, so that, when recorded, it would become in effect a sort of negotiable instrument, the assignment of which by the vendee would cut off the defenses and equities of the vendor.

Mortgages are included in the term "conveyance," as defined in said section 4185, and, as far as it is here material, the recording act applies with full force for the protection of an assignee of a mortgage; but certainly the act does not make a mortgage negotiable or cut off the equities or defenses of the mortgagor. If it

did, the defense of usury could never be made against an innocent assignee in good faith, for value, of a mortgage, even when it is not accompanied by a negotiable note. In this state it has invariably been held that a mortgage is in every instance subject to such equities and defenses in the hands of such an assignee. For the purposes now being considered, such a contract for the sale of real estate is just as much an executory contract, and just as much a nonnegotiable chose in action, as is a mortgage. Then Whipple cannot, by virtue of the recording act, shield himself from plaintiff's claim to have the contract reformed.

It is true that, independently of any recording act, courts of equity, under the old practice, refused, as a general rule, to aid a plaintiff against an innocent purchaser of an equitable, as well as of a legal, title. 2 Pomeroy, Eq. Jur. (2d Ed.) §§ 740–745, 768, 769, 771, 775. This doctrine of the court of chancery was not a rule of property, but merely a rule of nonaction. It declined to interfere against an innocent purchaser, and left the parties to their rights at law. Id. §§ 737–739, 779. But such a distinction has no place under our system of practice. With us, every court is a court of law as well as of equity, and a decision on the ultimate rights of the parties cannot be dodged by reason of any such distinction.

Again, where the purchaser knew that he was buying merely an equitable title, there were many instances in which the old court of equity refused to apply the rule for his protection. Id. §§ 756, 768, 769, 771, 785. But, as a general rule, the recording acts protect equitable titles as well as legal titles, and in this country, in instances where such recording acts apply, they have largely abolished such distinctions between the rights of an innocent purchaser of a legal title and the rights of an innocent purchaser of an equitable title. Id. §§ 772, 785.

But there is, for some purposes, a distinction between an equity or equitable title arising out of an executed contract and an equity arising out of an executory contract; and, as we have seen, our recording act does not have the effect of rendering negotiable such an executory, nonnegotiable chose in action as a contract for the sale of land, or cut off the equities or defenses of the other party to the contract. Neither did the old court of equity shield an assignee

of such a contract from such equities and defenses, even if he was such an innocent purchaser. Boone v. Chiles, 10 Pet. 177, 212; Vattier v. Hinde, 7 Pet. 252, 271; Shirras v. Caig, 7 Cranch, 35, 48; Peabody v. Fenton, 3 Barb. Ch. 451, 465.

Then it is clear that defendant Whipple, by reason of being such an innocent purchaser, is not protected from the equities of plaintiff. This conclusion is further strengthened by the fact that when Whipple would attempt to enforce specific performance of his contract he would be met by this plaintiff's defense that there was this mistake in reducing the contract to writing, and that this defense would prevail. Pomeroy, Spec. Perf. Cont. (2d Ed.) § 247. There is no good reason for attempting to dodge or put off a decision on the ultimate rights of the parties, but it is just and proper that neither of them should be left to wait indefinitely in embarrassment and uncertainty as to his ultimate rights in the matter.

This disposes of the case. The judgment should be reversed as to the defendant Whipple, and the case remanded to the court below, with directions to enter judgment in favor of the plaintiff and against Whipple for a reformation of the executory contract of sale, in accordance with this opinion.

So ordered.