S. F. MASSEY v. MATT LINDENI and Others.[1]

May 18, 1906.

Nos. 14,752—(76).

**Reformation of Contract.**

> In this, an action to reform a written contract on the ground of a mutual mistake of the parties, it is *held* that the finding of the trial court, to the effect that no such mistake was made, is not sustained by the evidence.

Appeal by plaintiff from an order of the district court for Otter Tail county, Baxter, J., denying a motion for a new trial, after a trial and findings in favor of defendant Gaar, Scott & Company. Reversed.

*Eriksson, Rice & Schweitzer* and *Parsons & Brown,* for appellant.
*William Tillotson* and *Turner & Wright,* for respondent.

START, C. J.

This is an appeal by the plaintiff from an order denying his motion for a new trial in an action to reform a written contract for the sale of real estate on the ground of mutual mistake.

The here material allegations of the complaint are to the effect: That on March 1, 1904, the plaintiff was the owner in fee of seventy four and a half acres of land, which was described in the complaint, subject to two mortgages thereon, one for $800, and the other for $61, each bearing interest at the rate of five and a half per cent. a year, payable annually, and both were then duly recorded in the office of the register of deeds of the proper county; that on the day named the plaintiff made a contract with the defendant Matt Lindeni, whereby the plaintiff agreed to convey the land to Lindeni, who agreed, as a consideration therefor, to pay the plaintiff the sum of $682, and to assume and to pay the mortgages on the land as they became due; that in reducing their contract to writing all reference to the mortgages was omitted therein by the mutual mistake of the parties; that in and by the contract as actually written the plaintiff agreed, upon the payment of $682, to convey by warranty deed the land to Lindeni in fee simple, free from all incumbrances; that on August 23, 1904,

[1] Reported in 107 N. W. 146.

Lindeni assigned all of his interest in the land by virtue of such contract to the defendant Gaar, Scott & Company, a corporation, who then had notice of the existence of the two mortgages and of the fact that Lindeni had so agreed to assume and pay them.

The defendant Gaar, Scott & Company by its answer put in issue all the allegations of the complaint, except that it admitted that it was a corporation, that the plaintiff owned the land, and that the written contract was assigned to it. As a further defense it specifically and in detail alleged facts from which it claimed that the plaintiff was estopped from asserting as against it that the contract was other than as written. The reply put in issue the allegations of the answer as to the supposed estoppel. None of the other defendants answered.

The trial court found as a fact that, except as admitted in the answer,

> Not any or either of the allegations contained in the complaint herein are sustained by the evidence in this action.

No finding of fact was made on the issue as to the alleged estoppel, but the court in its memorandum, which was not made a part of the findings, after saying that the plaintiff had failed to sustain the allegations of his complaint by the decided weight of evidence required in such cases, said,

> I think, also, that the plaintiff is estopped by his actions and statements relative to the matter, from asking the relief he seeks in this action.

It is apparent that the court made no findings as to the issue of estoppel, for the reason that it deemed it unnecessary to do so, because the plaintiff had failed to sustain the allegations of his complaint. Such being the case, unless the evidence on the issue of estoppel be such as to require a finding thereon in favor of the defendant as a matter of law, the sole question on this appeal for our decision is whether the finding of the court that the allegations of the complaint were not sustained by the evidence was correct. The evidence relevant to the issue of estoppel was manifestly not of such a conclusive character as to require the court to find on that issue in favor of the defendant Gaar, Scott & Company.

It follows that the sole question for our consideration is whether the finding of the court that the allegations of the complaint were not sustained by the evidence is correct. The contract was never recorded. There were two vital allegations in the complaint: First, the mutual mistake in the contract as written; and, second, notice, actual or constructive, to the defendant corporation of the mistake. As to the second, little need be said, for the contract was not a negotiable instrument, nor is the defendant corporation protected by the recording acts. It stands in Lindeni's shoes, unless the plaintiff is estopped as to it; a question not here relevant, for the reason already stated. Klatt v. Dummert, 70 Minn. 467, 73 N. W. 404. This leaves only the question whether the finding of the court that the allegation of the complaint as to a mutual mistake is sustained by the evidence.

The evidence to establish a mutual mistake in a written instrument, justifying its reformation, must be clear and satisfactory, but such mistake may be established by evidence of the circumstances and nature of the transaction and the conduct and relation of the parties thereto, provided the inferences to be drawn therefrom clearly and satisfactorily prove the alleged mistake. Layman v. Minneapolis Realty Co., 60 Minn. 136, 62 N. W. 113; Wall v. Meilke, 89 Minn. 232, 94 N. W. 688. In this case, by the terms of the contract as written, the plaintiff undertook to convey the land to the vendee free from incumbrances by warranty deed for $682, or for $179 less than the aggregate amount of the mortgages thereon, or, in other words, he in effect agreed to give the vendee the land and $179, to be applied in payment of the mortgages, if he would accept a warranty deed of it. Such an idiotic contract is, upon its face, emphatically suggestive that a mistake had been made. Again, the plaintiff clearly and positively testified to the mistake. There was no contradiction of his testimony, nor is there anything in the record suggesting that his evidence is not credible. We refrain from discussing the evidence, as there must be a new trial of the action.

We have considered the whole evidence, and hold that the finding of the trial court here in question is not sustained by the evidence, and that for this reason the order appealed from must be reversed and a new trial granted.

Order reversed.