## CLARENCE M. BROOKS v. AMERICAN LUMBER & CONSTRUCTION COMPANY AND OTHERS.[1]

March 6, 1925.

No. 24,407.

**Effect of satisfaction of wrong mortgage.**

1. A mortgagee, holding a valid mortgage upon several parcels of real estate owned by an insolvent debtor, who, through mutual mistake, satisfies his mortgage of record as to certain of said parcels, does not subordinate his interest therein to those of a trustee in bankruptcy.

**Trustee in bankruptcy acquires only rights possessed by bankrupt.**

2. A trustee represents all of the creditors of the bankrupt. The only right which he acquires is the right of the bankrupt and his judgment creditors. He does not acquire the rights or remedies possessed by a judgment creditor whose judgment has been docketed and thereby made a lien upon the debtor's unexempt real estate.

**Trustee's title to land not protected by recording act.**

3. Under the Federal Bankruptcy Act and the decisions in this state, the trustee's claim to title herein is not protected by the recording act or by the rules of equity. The rights which he acquired are no greater or less than those of the bankrupt and his creditors combined.

\*Headnote 1.  See Mortgages, 27 Cyc. p. 1431.
Headnote 2.  See Bankruptcy, 7 C. J. p. 113, § 186; p. 193, § 289; p. 225, § 345.
Headnote 3.  See Bankruptcy, 7 C. J. p. 133, § 226 (1926 Anno).

Action in the district court for St. Louis county, to reform a satisfaction of mortgage and the record thereof and for a sale of the mortgaged premises. The case was tried before Dancer, J., who ordered judgment in favor of plaintiff. From the judgment, defendant Burns, as trustee, appealed. Affirmed.

*William E. Tracy*, for appellant.

*H. W. Lanners* and *Jenswold, Jenswold & Dahle*, for respondent.

[1]Reported in 202 N. W. 818.

QUINN, J.

Appeal from a judgment reforming an instrument, purporting to be a satisfaction of a real estate mortgage, on the ground of mutual mistake, and foreclosing the mortgage therein mentioned.

The defendant, American Lumber & Construction Company, was the owner of 19 parcels of real estate, situated in St. Louis county, this state, subject to five mortgages—one for $4,000 covering five lots, and four of $1,500 each upon six other of such lots. In March, 1919, the owner executed, to the plaintiff, its five promissory notes for $3,000 each, and, at the same time, executed a mortgage upon all of such lots to secure the payment of such notes. The mortgage was duly recorded April 2, 1919. The four mortgages above referred to were subsequently paid and satisfied of record. On August 25, 1921, the plaintiff, for a valuable consideration and at the special instance of the mortgagor, agreed to release lot 33 and the north half of 35 from his mortgage. Accordingly, he procured a scrivener and requested him to prepare a partial satisfaction releasing such lots from such mortgage. A release was accordingly prepared, signed and recorded, for the purpose of releasing the two lots, but, by mutual mistake of all the parties thereto, it was so drawn, executed and recorded as to satisfy and discharge the mortgage of record in its entirety. Over such facts there is no controversy.

On September 28, 1921, the defendant, Scott-Graff Lumber Company, brought an action against the American Lumber & Construction Company and thereafter procured judgment in the sum of $444.80, including costs, which was docketed in the office of the clerk of the district court in and for St. Louis county.

The American Lumber & Construction Company was duly adjudged a bankrupt on December 21, 1921, under the Federal Bankruptcy Act and the defendant, Burns, duly qualified as trustee of the bankrupt's estate on January 3, 1922. The summons and complaint were served upon the trustee on the day following his appointment.

The trial court made findings and ordered judgment, in favor of the defendant, Scott-Graff Lumber Company, and otherwise as

asked for in the complaint as amended. It is claimed, on behalf of appellant, that, under the provisions of section 70 of the Federal Bankruptcy Act of 1898, subdivision "A", a trustee becomes, by operation of law, vested with title to all property of the bankrupt which, prior to the filing of the petition, the bankrupt could have transferred or which might have been levied upon and sold under judicial process; that, in the instant case, under the Federal Bankruptcy Act and the Minnesota Recording Act, appellant acquired all rights and remedies which judgment creditors have against unrecorded conveyances and that the plaintiff's mortgage, having been satisfied of record, by mutual mistake or otherwise, its status was the same as an unrecorded conveyance and therefore plaintiff's title or right in the property was thereby subordinated to that of appellant, it not appearing that he had any notice of the mortgage having been satisfied by mutual mistake.

We are unable to concur in the contention of the appellant. The trustee represents all of the creditors of the bankrupt. The only right which he acquires is the right of the bankrupt and his judgment creditors. He does not acquire the rights or remedies possessed by a judgment creditor whose judgment has been docketed and thereby made a lien upon the debtor's unexempt real estate. Prior to the 1910 amendment, a trustee could not attack a prior unrecorded conveyance except for fraud. The amendment did not declare an unrecorded conveyance invalid, but it gave to the trustee the same vested rights as the judgment creditors and the bankrupt had under the local state statute. Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. ed. 726, L. R. A. 1917A, 295; Martin v. Commercial Nat. Bank, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. ed. 441; Holt v. Crucible Steel Co. 224 U. S. 262, 32 Sup. Ct. 414, 56 L. ed. 756.

The Minnesota Recording Act, section 6844, G. S. 1913, has been before .this court for consideration a number of times. Klatt v. Dummert, 70 Minn. 467, 73 N. W. 404; Massey v. Lindeni, 98 Minn. 133, 107 N. W. 146; Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032; Farmers & Merchants State Bank v. Stageberg, 161 Minn. 413, 201 N. W. 612.

At the time of the execution of the plaintiff's mortgage, the mortgagor was the owner of the legal title to the real estate in question. Under that mortgage, the plaintiff acquired a valid lien upon the property, an equitable interest therein. The mortgage was duly recorded on April 2, 1919. He then held a record title to an equity in the property. The fact that, in August, 1921, the mortgage was satisfied of record, through mutual mistake, did not render it invalid as between the parties thereto. As to unrecorded instruments, the rule in this state is based upon section 6844, G. S. 1913, which is as follows:

"Every conveyance of real estate shall be recorded * * * and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property or any part thereof, whose conveyance is first duly recorded, and as against any attachment levied thereon, or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record prior to the recording of such conveyance * * *."

This statute has no application to the facts before us. It has to do only with purchasers in good faith, for a valuable consideration, and whose conveyance is first recorded, attachments levied on the land, and judgments against the person in whose name the title appeared prior to the recording of such conveyance. The trustee only appealed. The other parties appear to be satisfied with the judgment as entered. Appellant is not in a position to claim protection under the recording act. He is neither a purchaser in good faith for value, whose conveyance was first recorded, a creditor holding an attachment levy upon the property, nor had he any judgment lawfully obtained against the bankrupt in whose name the legal title to the land appeared.

It is manifest, from the decisions of this court cited above, when considered in connection with the Federal Bankruptcy Act, that appellant's claim of title is not protected by the recording act nor by the rules of equity. The rights which he acquired were no greater or less than those of the bankrupt and his creditors combined.

Where the recording act does not apply and the rules of equity or of estoppel do not intervene, the trustee does not acquire the status of a bona fide purchaser or lienor, but takes only such interest in the property as the bankrupt and his judgment creditors had. The fact that plaintiff's mortgage was satisfied of record by mistake, added nothing to the bankrupt's estate. The plaintiff, as a matter of equity, was entitled to have the mistake corrected.

As stated by the trial judge, in disposing of appellant's application to reopen the case to receive further proof as to notice or want of notice that plaintiff's mortgage was satisfied of record through mistake, it is immaterial whether, at the time of his appointment or at any other time, the trustee had notice that the satisfaction was by mistake. Whatever powers a trustee may have under the bankruptcy act, with reference to vested rights of judgment creditors holding an unsatisfied execution, they cannot affect the rights of the parties under the situation herein disclosed. Under this view of the case, plaintiff was entitled to the relief granted him.

Judgment affirmed.