Kadow and wife, Respondents, vs. Aluminum Specialty Company, Appellant.

*May 26—July 1, 1948.*

For the appellant the cause was submitted on the briefs of *Fischer & Smith,* attorneys, and *Frank A. Murphy* of counsel, . all of Manitowoc.

*John R. Cashman* of Manitowoc, for the respondents.

PER CURIAM.* The question presented for decision is whether the evidence is sufficient to sustain the finding of the trial court that there was a mutual mistake of fact as to what land plaintiffs were selling and defendant was buying.

Plaintiffs and defendant owned adjoining platted lands in the industrial area of the city of Manitowoc. Plaintiffs' property had been a woodworking plant and had been dismantled and idle for several years. There were buildings on it, including a heating plant, barracks, and warehouse on the east portion thereof. During the early part of 1941 plaintiffs sold and conveyed two lots to defendant, and in July, 1943, plaintiffs sold to defendant lots one, four, and five in block one hundred forty-three, and lots two, three, and six in block one hundred forty-four, in the city of Manitowoc, together with a right of way north of said premises. Proper conveyances were executed, delivered, and recorded. Shortly thereafter a survey disclosed that plaintiffs' heating plant and barracks

---

* The opinion in this case was prepared by the late Mr. Justice BARLOW.

extended 2.82 feet onto lots two, three, and six in block one hundred forty-four, and this action is for reformation of the deed excepting this land from the property conveyed.

Walter Spindler, president and active manager of defendant corporation, was familiar with the entire premises and had been for some time. He knew the exact location of the Kadow buildings. He thought the east line of the property he was buying was a continuation of the east line of the company's property line. The company had previously purchased lot seven from plaintiffs and constructed a building on it, the east line of the building being on a line with the west line of the Kadow buildings on lot five. At the time the transaction was discussed a plat was used for reference to the size and location of the lots. Neither party knew that the Kadow buildings extended onto the lots involved in the transaction and the Kadows at no time intended to sell any portion of the buildings on the lots retained by them. Neither party knew where the lot lines were. Spindler testified that at the time of the purchase he was interested in the property on the plat and wanted a straight line, whether it included the boiler room, or barracks, or not. Defendant now contends there was no mutual mistake, that plaintiffs intended to sell the property included within the lot lines as disclosed by the plat, and that defendant intended to purchase all of said lots. To justify reformation the evidence must be clear and convincing that both parties intended to make a different instrument, and must also clearly show that both had agreed upon facts which were different than those set forth in the instrument. *Kruse v. Koelzer* (1905), 124 Wis. 536, 102 N. W. 1072; *Miller v. Stanich* (1930), 202 Wis. 539, 548, 230 N. W. 47, 233 N. W. 753; *Jentzsch v. Roenfanz* (1924), 185 Wis. 189, 201 N. W. 504.

It is argued that testimony of parties, equally credible, does not support reformation. *Sable v. Maloney* (1880), 48 Wis. 331, 4 N. W. 479. This does not prevent reformation being

established by evidence of circumstances and the nature of the transaction and the conduct of the parties in relation thereto, provided the natural and reasonable inferences to be drawn therefrom clearly and decidedly prove the alleged mistake. *Sable v. Maloney, supra; Geib v. Reynolds* (1886), 35 Minn. 331, 28 N. W. 923; *Layman v. Minneapolis Realty Co.* (1895) 60 Minn. 136, 62 N. W. 113; 53 C. J., Reformation of Instruments, p. 1037, sec. 202.

Spindler was aware that the barracks on the Kadow property were leased to the government and that the heating plant was essential to the use to which they were to be placed. The construction of the building on lot seven by defendant was consistent with the belief on the part of the defendant that the east line of defendant's property was in line with the west line of the Kadow buildings, and that Spindler believed this to be the east line of the land which it was purchasing. There can be no question that the Kadows so believed. At the time the transfer was consummated he had in his possession an insurance plat of the buildings showing the buildings to be entirely on the lots which the Kadows retained. The natural and reasonable inferences which the court had a right to draw from the circumstances and the nature of the transaction added to the testimony of Kadow are sufficient to clearly and convincingly prove the alleged mistake.

Judgment affirmed.

MARTIN, J., took no part.