Archie F. LANGE, Plaintiff,

Rose M. LANGE, successor to the interest of Archie
Lange, Appellant,

v.

Ronald TUMM and the Town of Ludington, Defendants-
Respondents.

Court of Appeals

*No. 99–3247–FT. Submitted on briefs March 31,
2000.—Decided May 31, 2000.*

2000 WI App 160

(Also reported in 615 N.W.2d 187.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John F. Wilcox* of *Wilcox, Wilcox, Enright, Hallstein, McMahon & Adler, LLC*, Eau Claire.

On behalf of the defendant-respondent, Ronald Tumm, the cause was submitted on the brief of *William G. Thiel* of *Weld, Riley, Prenn & Ricci, S.C.*, Eau Claire.

On behalf of the defendant-respondent, Town of Ludington, the case was submitted on the brief of *David H. Raihle, Jr.,* of *Raihle Law Office*, Chippewa Falls.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Archie Lange[1] appeals a summary judgment declaring an old town highway discontinued. We reverse the judgment because there is a genuine issue of material fact as to whether the highway was entirely abandoned.

## BACKGROUND

¶ 2. Lange brought a declaratory judgment action against Ronald Tumm and the Town of Ludington seeking declaration that an old town highway leading to his property remains open as a public highway. Lange owns property adjacent to property owned by Tumm. The highway crosses Tumm's land into Lange's land, where it ends.

¶ 3. No public funds have been used to maintain the highway since approximately 1955. Nevertheless, Lange claimed that the public continued to use the highway. The parties agreed that WIS. STAT. § 80.32 was the only applicable procedure by which the high-

---

[1] We granted Rose Lange's motion to substitute her as the surviving spouse and successor in interest to the appellant, Archie Lange, who died in December 1999. Archie Lange filed affidavits and was the plaintiff throughout the circuit court litigation and therefore we refer to him as the plaintiff for ease of discussion.

This is an expedited appeal under WIS. STAT. RULE 809.17. All statutory references are to the 1997–98 edition.

way could have been discontinued.[2] One of the requirements for discontinuing a highway under § 80.32 is that it be entirely abandoned as a route of travel.

¶ 4. In support of their competing positions, the parties submitted affidavits describing the recollections of various persons regarding the use of the highway. The circuit court decided that, based on those affidavits, no genuine issue of material fact existed and that the highway had been entirely abandoned. The court found that the Town "stopped expending public monies on the maintenance and repair of the referred to town highway in 1955," and that "use of the said town highway as a route of travel also ceased for a period of at least 5 years." Although Lange stated in his affidavit that he, family members and others continued to use the highway, the court concluded that Lange's use did not constitute "the type of public use required" to keep a highway from being abandoned.

---

[2] Although not used here, WIS. STAT. § 80.02 provides a town affirmative means for discontinuing a highway. One of the limitations of § 80.02 is that a town may not discontinue a highway when doing so would deprive property owners access to their land. Lange argues that we must read WIS. STAT. § 80.32 as having a similar limitation. We do not agree with his argument because the absence of this express limitation in § 80.32 suggests that the legislature intended the difference. *See Johnson v. City of Edgerton*, 207 Wis. 2d 343, 351, 558 N.W.2d 653 (Ct. App. 1996) (We presume that the legislature chose its terms carefully and with precision to express its meaning.). We do note, however, that under § 80.32, if property owners are the only members of the public who desire to use a highway, they can keep the highway from becoming entirely abandoned by continuing to use it.

DISCUSSION

¶ 5. When reviewing a grant of summary judgment, we apply the same standards as the circuit court under WIS. STAT. § 802.08. *See Amcast Indus. Corp. v. Affiliated FM Ins. Co.*, 221 Wis. 2d 145, 153, 584 N.W.2d 218 (Ct. App. 1998). Summary judgment is appropriate when there is no genuine issue of material fact. *See* § 802.08(2). For us to decide whether summary judgment was appropriate, we must interpret WIS. STAT. § 80.32. The interpretation of a statute presents a question of law that we review without deference to the circuit court. *See Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 233, 568 N.W.2d 31 (Ct. App. 1997).

¶ 6. WISCONSIN STAT. § 80.32(2) provides in relevant part: "[A]ny highway which shall have been entirely abandoned as a route of travel, and on which no highway funds have been expended for 5 years, shall be considered discontinued." Both conditions must be met before a public highway is discontinued. *See Heise v. Village of Pewaukee*, 92 Wis. 2d 333, 349, 285 N.W.2d 859 (1979).

¶ 7. Wisconsin courts have previously interpreted the meaning of "entirely abandoned." *State ex rel. Young v. Maresch*, 225 Wis. 225, 231–32, 273 N.W. 225 (1937), explained that if a highway "was traveled by such of the public as had occasion to use it" that is sufficient to keep the highway from being entirely

abandoned. The statutory language has remained unchanged since *Maresch*.[3]

¶ 8. We conclude that Lange's and Tumm's affidavits establish genuine issues of material fact. Lange's affidavit stated that he, family members and others had continued to use the highway. Tumm, himself, acknowledged that he placed a gate over the highway "due to excessive use of said strip by persons other than [Lange] who, upon information and belief, were authorized by [Lange] but did not have the consent or approval of [Tumm] to use said strip to access [Lange's] real estate." This evidence is sufficient to rebut Tumm's claim that the highway has not been open to the public throughout the years and presents a question of fact for a fact-finder to resolve.

¶ 9. We also disagree with the circuit court's conclusion that Lange's claimed use was not the type of public use required to keep the highway from being abandoned. Wisconsin courts have broadly construed the definition of public highway: "If [a highway] is open to all who desire to use it, it is a public highway although it may accommodate only a limited portion of the public or even a single family or although it accommodates some individuals more than others." *State ex*

---

[3] A broad interpretation is consistent with the common and ordinary meaning of the terms. "It is a well-recognized rule of statutory construction that nontechnical words and phrases are to be construed according to their common and ordinary usage." *Ervin v. City of Kenosha*, 159 Wis. 2d 464, 483–84, 464 N.W.2d 654 (1991). "The ordinary and common meaning of a word may be established by definition of a recognized dictionary." *Id.* at 484. WEBSTER'S THIRD NEW INT'L DICTIONARY 758 (Unabr. 1993), defines "entirely" as "wholly, completely, fully"; and "abandoned" as "given up," *id.* at 2.

*rel. Happel v. Schmidt*, 252 Wis. 82, 86, 30 N.W.2d 220 (1947).

¶ 10.   Even if only Lange's family and guests used the highway, that could be sufficient to keep the highway from being entirely abandoned. The key inquiry is whether the highway has remained open to all who had occasion to use it. *See Maresch,* 225 Wis. at 232. In considering whether the highway was open to the public, it is irrelevant that it was only used by a small portion of the public. After all, the highway ended on Lange's property so we would not expect it to be used by large numbers of the general public. *See Heise,* 92 Wis. 2d at 348 ("It is obvious that streets terminating at the edge of a body of water are not subject to the same degree of vehicular travel as other through streets.").[4]

*By the Court.*—Judgment reversed.

---

[4] The circuit court seemed to partially rely on the lack of public spending to support its conclusion that the road was entirely abandoned. However, whether the town has expended any funds on the highway is irrelevant when considering whether the highway has been entirely abandoned. *See Heise v. Village of Pewaukee,* 92 Wis. 2d 333, 349, 285 N.W.2d 859 (1979) (If a highway continues to be used as a route of travel by the public, whether the town has expended money on it within the past five years is irrelevant.).