TOWN OF SCHOEPKE and Town of Enterprise,
Plaintiffs-Respondents,

v.

Thomas RUSTICK and James Rustick,
Defendants-Appellants.

Court of Appeals

*No. 2005AP3183. Submitted on briefs August 7, 2006.
—Decided September 6, 2006.*

2006 WI App 222

(Also reported in 723 N.W.2d 770.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Patrick H. Finlan* of *Finlan Law Firm, S.C.* of Rhinelander.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Andrew P. Smith* of *Mouw, Krueger & Smith, S.C.* of Rhinelander.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Thomas and James Rustick appeal a judgment, after a nonjury trial, in favor of the Towns of Schoepke and Enterprise, concluding that Highway 26 is not entirely abandoned pursuant to Wis. Stat. § 82.19.[1] The Rusticks argue the trial court applied an incorrect test of abandonment and placed an incorrect evidentiary burden on them. We disagree and affirm the judgment.

## BACKGROUND

¶ 2.   The Rusticks own property along Highway 26, which is also known as Rustick Road. Highway 26 is

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

a 1.75 mile low maintenance dirt road connecting State Highway 45 and Pratt Junction Road in Oneida County. Highway 26 reverted to the Towns of Schoepke and Enterprise (the Towns) when the state abandoned it as a state highway.

¶ 3. From the 1940s to the 1970s, the Towns kept Highway 26 in generally good condition. Beginning in the 1980s, however, its state of repair began to decline. The Towns did not maintain Highway 26 for at least five years before the beginning of this proceeding.[2]

¶ 4. In 2003, the Rusticks blocked Highway 26 preventing its use, which led to this litigation. The Towns sued the Rusticks to have Highway 26 declared a town road. The Rusticks counterclaimed, arguing Highway 26 was abandoned under WIS. STAT. § 82.19. Although the Rusticks established that the Towns had not expended any money on the road in the last five years, as required by § 82.19, the court held the Rusticks did not prove the road was entirely abandoned, as is also required by § 82.19.

### STANDARD OF REVIEW

¶ 5. This appeal requires us to apply WIS. STAT. § 82.19 to a set of facts and determine the appropriate evidentiary burden under the statute. Both are questions of law that we review without deference to the trial court. *Bucyrus-Erie Co. v. DIHLR*, 90 Wis. 2d 408, 417, 280 N.W.2d 142 (1979); *First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977).

---

[2] In 1997, the Wisconsin Department of Transportation decided to withdraw highway aid for Highway 26 because of lack of maintenance.

## DISCUSSION

*1. Abandonment*

■

¶ 6.   The Rusticks argue the trial court created a new rule in deciding this case that is inconsistent with established case law. We disagree.

¶ 7.   WISCONSIN STAT. § 82.19 governs road abandonment, and it has two elements:   (1) that no money was spent on the maintenance of the road in the last five years, and (2) that the road is entirely abandoned. On appeal, it is undisputed the Towns spent no money on the maintenance of Highway 26 in the five years preceding this action.[3] The dispute is whether Highway 26 was entirely abandoned. The Rusticks assert the rule of abandonment should be a "before and after" comparison test considering the identity of the users, the purposes of using the road, and the condition of the road.

■

¶ 8.   In *Lange v. Tumm*, 2000 WI App 160, ¶ 7, 237 Wis. 2d 752, 615 N.W.2d 187 (citing *State ex rel. Young v. Maresch*, 225 Wis. 225, 231–32, 273 N.W. 225 (1937)), we noted our broad interpretation of statutes involving public highways and held a road is not entirely abandoned if it remains "open to all who had occasion to use it." *Id.*, ¶ 10. In *Markos v. Schaller*, 2003 WI App 174, 266 Wis. 2d 470, 668 N.W.2d 755, we applied *Lange* and held a road was not entirely abandoned when the road was used only by the property owners to access their

---

[3] The Towns subsequently spent money on repairing the road; however, this fact is irrelevant to determining whether the road was abandoned under the statute because those expenditures happened after commencement of this litigation.

land. *Markos* establishes that limited use is enough to prevent a road from being abandoned. *See id.,* ¶ 12 n.5; ¶¶ 18–20.

¶ 9.    Moreover, in *Povolny v. Totzke,* 2003 WI App 184, 266 Wis. 2d 852, 668 N.W.2d 834, we considered whether the evidence presented was enough to satisfy the statutory requirements of abandonment. In holding the road was not open to all who had occasion to use it, we noted two significant facts:   (1) the roadway was overgrown and difficult for vehicles to travel without damage, and (2) members of the public sought permission from adjacent property owners to use the road. *Id.,* ¶¶ 10–18. Read together, *Lange, Markos,* and *Povolny* establish that a road is not abandoned when it is used by those who have occasion to use the roadway, and it is irrelevant the roadway may be used by a small or changing portion of the public.

¶ 10.    We are satisfied the trial court applied the correct law of abandonment, and the evidence supports its conclusion that the road had not been entirely abandoned. The court specifically referenced *Lange, Markos,* and *Povolny* when it held the current usage of Highway 26 is sufficient to prevent abandonment. The evidence shows that Highway 26 has been used by at least five people on a consistent basis. Leonard Guth, Alan Flannery, Peter Pukall, Leonard Guth III, and David McCarty testified they continued to use the road. Additionally, when the Rusticks blocked the road, the Towns received complaints from people wanting to use the road. Therefore, Highway 26 was not entirely abandoned under *Lange* and its progeny.

476

## 2. Burden of Proof

¶ 11.   In Wisconsin, there are two burdens of proof that are placed upon litigants in civil trials. *Carlson & Erickson Bldrs., Inc. v. Lampert Yards, Inc.*, 190 Wis. 2d 650, 657–58, 529 N.W.2d 905 (1995). The lower burden of proof is the preponderance of the evidence standard, which requires the litigant to demonstrate by the greater weight of credible evidence the certainty of his or her claim. *Id.* The higher burden of proof is the clear and convincing standard, which requires evidentiary proof to a reasonable certainty by evidence that is clear and convincing. *Id.* The higher burden applies in cases where public policy requires a higher burden of proof than in the ordinary civil action. *Madison v. Geier*, 27 Wis. 2d 687, 692, 135 N.W.2d 761 (1965). The Rusticks argue the trial court should have placed their evidentiary burden at the lower burden to prove their abandonment claim.

■
¶ 12.   Neither party presents Wisconsin case law that directly addresses the appropriate evidentiary burden under Wis. Stat. § 82.19. The use of highways is an important public right that should not be given up lightly; therefore, applying the higher burden of proof to abandonment claims is appropriate. We reject the Rusticks' argument that the higher burden of proof should apply only to cases involving fraud or criminal behavior. Other jurisdictions that have addressed this issue have applied a higher burden of proof. Also, applying the higher burden of proof is consistent with Wisconsin case law addressing property rights; in particular, the public's right to use roadways.

¶ 13.   As an issue of first impression, we may consider persuasive authority from other jurisdictions. *Strozinksy v. School Dist. of Brown Deer*, 2000 WI 97, ¶ 67, 237 Wis. 2d 19, 614 N.W.2d 443. The general rule for the evidentiary burden in highway abandonment is a higher burden of proof. *See* 39 Am. Jur. 2d *Highway, Streets, & Bridges* § 158 (1999); *see also Smith v. Russell*, 80 P.3d 431, 435 (Mont. 2003) (requiring evidence "so decisive and conclusive as to indicate a clear intent to abandon"); *Auerbach v. Parker*, 544 So.2d 943, 946 (Ala. 1989) (requiring evidence that is "clear and satisfactory evidence"). In *Allamakee County v. Collins Trust*, 599 N.W.2d 448 (Iowa 1999), the case upon which the trial court relied, the Iowa Supreme Court held a county had not abandoned a strip of property along a highway. In reaching its holding, the court reasoned that "[t]here is a presumption . . . that once a highway is shown to exist, it continues to exist, and any abandonment must be proven by clear and satisfactory evidence." *Id.* at 451 (citation omitted).

¶ 14.   While there is no case law directly on point, Wisconsin law supports the application of the higher burden of proof in situations involving public roadways. In *City of Jefferson v. Eiffler*, 16 Wis. 2d 123, 129, 113 N.W.2d 834 (1962), our supreme court held that while the record established a platted alley was unopened for one hundred years, and a city utility superintendent urged the opening of the alley for at least thirteen years, the adjoining landowner had not established grounds for reversion. Although the *Eiffler* court did not discuss the required burden of proof, it did observe the policy of protecting public property when it stated that it "has uniformly taken advanced ground in favor of the public on the question of the loss of rights in

public streets by nonuser or abandonment." *Id.* at 134 (citation omitted). In *Seidl v. Paulu*, 174 Wis. 403, 409, 183 N.W. 246 (1921), our supreme court noted the evidence required to set aside a signed and recorded mortgage release must be clear and convincing. In *Kadow v. Aluminum Specialty Co.*, 253 Wis. 76, 78, 33 N.W.2d 236 (1948), the court applied the clear and convincing standard to the reformation of a deed.[4] Moreover, as we noted in *Lange*, we broadly interpret statutes involving public roadways. *Lange,* 237 Wis. 2d at 757–58. In light of our public policy to protect the public's property rights and how other jurisdictions have resolved this question, we hold that to establish abandonment under WIS. STAT. § 82.19, the higher burden of proof must be applied.

¶ 15.   Here, the evidence supports the trial court's conclusion that the Rusticks failed to establish the Towns entirely abandoned Highway 26. The trial court found at least five people still used Highway 26, and when the Rusticks blocked the road, the Towns received complaints from people wanting to use Highway 26.

---

[4] In *Kruse v. Horlamus Indus., Inc.*, 130 Wis. 2d 357, 387 N.W.2d 64 (1986), our supreme court set the evidentiary bar in adverse possession at the preponderance of the evidence standard because of the strong presumption against adverse possession. A consideration of abandonment cases highlights at least two points of distinction from adverse possession. First, adverse possession does not necessarily involve the property rights of the broader public, whereas, road abandonment does. Second, the strong presumption against adverse possession, which was critical to the *Kruse* decision, is not present in abandonment (e.g., twenty years to perfect an adverse possession claim versus five years for abandonment). *Compare Kruse with Lange v. Tumm*, 2000 WI App 160, 237 Wis. 2d 752, 615 N.W.2d 187.

¶ 16.   Because the trial court correctly applied the proper test of abandonment and the higher civil burden of proof to the facts of this case, the judgment is affirmed.

*By the Court.*—Judgment affirmed.