ZELLMER, Appellant, vs. MARTIN, Respondent.

*May 2—May 21, 1914.*

*Adverse possession: Statutes construed: Evidence: Sufficiency: Burden of proof: Instructions to jury.*

1. Under sec. 4207, Stats., a continuous disseisin of the true owner for twenty years bars his right of action to recover real property or the possession thereof; and neither sec. 4212 nor sec. 4214 purports to enumerate all the conditions which constitute adverse possession.
2. Evidence tending to show that defendant, owning and occupying,

an adjoining farm, was for more than twenty years next prior to the commencement of the action using with and as a part of his wood-lot and pasture, for the purpose of obtaining firewood, building timber, ties, and stone, and for pasturing his cattle thereon, a strip of plaintiff's land which, with said wood-lot and pasture, was inclosed on three sides, though open on the fourth side to the highway, and was separated from the remainder of plaintiff's farm by a substantial boundary fence, together with evidence of continuous claim of ownership of the strip by defendant in hostility to plaintiff's claim of ownership, was sufficient to sustain a finding of title in defendant acquired by twenty years' adverse possession.

3. Adverse possession must be exclusive of the true owner, but not necessarily exclusive at all times of temporary entries upon the lands by third persons not under claim of title; and in this case defendant's continuity of possession was not interrupted by occasional trespasses by the cattle of other persons straying in from the highway, nor even by such occasional and unintentional trespasses by cattle of the plaintiff.

4. An instruction to the effect that the burden of proof is on the party asserting title by adverse possession to satisfy the minds of the jury "by a fair preponderance of the evidence to a reasonable certainty," was not prejudicially erroneous.

APPEAL from a judgment of the circuit court for Monroe county: JAMES WICKHAM, Judge. *Affirmed.*

For the appellant there were briefs by *Graham & Graham,* and oral argument by *J. G. Graham.* To the point that the trial court erred in the instruction as to the burden of proof, they cited *Button v. Metcalf,* 80 Wis. 193, 49 N. W. 809, 810; *Allen v. Murray,* 87 Wis. 41, 57 N. W. 979, 981; *Ill. S. Co. v. Budzisz,* 115 Wis. 68, 90 N. W. 1019; *Pritchard v. Lewis,* 125 Wis. 604, 615, 104 N. W. 989; *Lampman v. Van Alstyne,* 94 Wis. 417, 69 N. W. 171; *Dewey v. Spring Valley L. Co.* 98 Wis. 83, 73 N. W. 565; *Will of Ball,* 153 Wis. 27, 141 N. W. 8, 11; *Lepley v. Andersen,* 142 Wis. 668, 125 N. W. 433.

*Thorwald P. Abel,* for the respondent.

TIMLIN, J. Ejectment for a strip of land one fourth of a mile long and about four rods wide, successfully defended

on the ground of adverse possession. Errors assigned: (1) refusal to direct a verdict for plaintiff; (2) instructions with reference to burden of proof. The plaintiff owned the southeast quarter of the northwest quarter of section 1, which, except the strip in question, was woodland inclosed by him. The defendant owned the northeast quarter of the southwest quarter of section 1, the north half of which was woodland which was inclosed on the north, west, and south sides and included the strip in question. The evidence was ample to establish that the possession of defendant and his grantor, such as it was, was hostile to the claim of title of the plaintiff, but the point is made that because of lack of inclosure on the east side and by reason of insufficiency of evidence that the land was "usually cultivated and improved," there was lack of evidence to establish adverse possession under sec. 4214, Stats. 1913. There was evidence that the land in question, together with the defendant's adjoining woodland, was serviceable for pasture only and as a wood-lot. The defendant occupied the adjoining land and used this wood-lot, inclosed on three sides as aforesaid, for pasture and for getting his firewood, cutting fence posts, and taking stone and timber therefrom, for more than twenty years next prior to the commencement of this action. During this time he of course did not always take the firewood, timber, or stone from the particular strip in controversy, but from the wood-lot inclosed therewith as stated, and from this strip occasionally, using all this wood-lot inclosed on three sides in the usual and ordinary way in this respect. This use was as continuous as such use ordinarily is, that is to say, it was used for pasture during the appropriate season of the year and for cutting firewood, building, and other timber, and stone, during the season proper for that kind of work. This applies to the whole tract inclosed by defendant. If we limit the taking of firewood, timber, and stone to the strip in controversy, the acts of this latter nature were not continuous. The ques-

tion is whether such possession and occupancy may uphold a finding of title by adverse possession under sec. 4214, Stats., where there is no claim under a written instrument.

(1) The statute does not purport to enumerate all the conditions which may constitute adverse possession. It is affirmative only. *Wilson v. Henry,* 40 Wis. 594. This is true of sec. 4214 as well as of sec. 4212. A continuous disseisin of the true owner for twenty years bars his right of action to recover real property or the possession thereof. Sec. 4207, Stats.

(2) Evidence tending to clearly show that the defendant, owning and occupying an adjoining farm, was for more than twenty years next prior to the commencement of the action using with and as a part of his wood-lot and pasture, for the purpose of obtaining from said lot firewood, building timber, ties, and stone, and for the purpose of pasturing his cattle thereon, a strip of plaintiff's land which with said wood-lot and pasture was inclosed on three sides but open upon the fourth side to the highway, and which with said wood-lot and pasture was separated from the remainder of plaintiff's farm by a substantial boundary fence during such period, together with evidence of continuous claim of ownership of this strip by the defendant in hostility to plaintiff's claim of ownership of the same strip, is sufficient to uphold a finding of title in defendant acquired by twenty years' adverse possession. *Ovig v. Morrison,* 142 Wis. 243, 248, 125 N. W. 449, and cases cited.

(3) Defendant's adverse possession must be exclusive of the true owner, not necessarily exclusive at all times of temporary entries upon the lands by third persons not under claim of title. Defendant's continuity of possession was not interrupted by occasional trespasses caused by the straying in upon the wood-lot from the highway of the cattle of other persons claiming no title to the land, nor even by such occasional and unintentional trespasses by cattle of the plaintiff

straying in from the highway. ` *Ill. S. Co. v. Tamms,* 154 Wis. 340, 141 N. W. 1011.

(4) The third question of the special verdict was as follows: "Was the defendant or the defendant and his predecessor in title, before the commencement of this action, in the actual, exclusive, adverse possession of the land in controversy herein for a period of twenty years or more at any one time?" The court instructed the jury with reference to this question: "The burden of proof is upon the defendant to satisfy your minds by a fair preponderance of the evidence to a reasonable certainty that this question should be answered in the affirmative." We find no reversible error in this instruction.

*By the Court.*—Judgment affirmed.