BANK OF EAGLE, Respondent, vs. PENTLAND and wife, imp., Appellants.

*September 12—October 9, 1928.*

For the appellants there was a brief by *E. H. Sprague* of Elkhorn and *McGowan, Geffs, Fox & Persons* of Janesville, and oral argument by *E. D. McGowan.*

For the respondent there was a brief by *Charles Lyon* of Elkhorn and *Jacobson & Malone* of Waukesha, and oral argument by *Marcus A. Jacobson.*

STEVENS, J.   The testimony fails to show that the use made of the land in question was hostile or adverse to the title of the appellant. "The testimony shows simply occupancy and use.   The law has been settled in this state, by repeated decisions, that evidence of adverse possession is always to be construed strictly, and every presumption is

to be made in favor of the true owner. . . . Adverse possession is not to be made out by inference, but by clear and positive proof; and one in possession of land to which he has no claim of title is presumed to be in possession in amity with and in subservience to the legal title of the real owner. . . . To constitute adverse possession there must be the fact of possession and the hostile intention,—the intention to usurp possession. Mere permissive possession is never a basis for the statute of limitations. The successive possessions of several distinct occupants of land, between whom no privity exists, cannot be tacked or united to make up the requisite period of the statute bar. While it is not necessary, in order to create such privity as will enable a subsequent occupant to tack his possession to that of the prior occupant, that there should be a conveyance in writing, and although such prior possession may be transferred by parol, yet it must clearly appear that the particular premises, as in this case the strip in dispute, were in fact embraced in the deed or transfer in whatever form it may have been made. No presumption can be indulged in on this subject." *Ryan v. Schwartz*, 94 Wis. 403, 410–412, 69 N. W. 178.

The finding that the use made of the land by plaintiff's predecessors in title was under claim of right is against the great weight and clear preponderance of the evidence. Even if the evidence sustained this finding, there is no proof that any such claim of right to possession on the part of plaintiff's predecessors in title was ever conveyed to the plaintiff either by deed or by parol transfer of such rights. The sheriff's deed cannot perform this function because of the fact that the mortgage upon which it was based did not cover the land here in question.

The judgment must therefore be modified by striking therefrom the description of all property located in the northeast quarter of the northwest quarter of said section 17. As so modified the judgment is affirmed.

*By the Court.*—So ordered.