ZEISLER CORPORATION, Respondent, v. PAGE, Appellant.

*April 29—June 2, 1964.*

194

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *T. H. Skemp.*

For the respondent there was a brief and oral argument by *William J. Sauer* of La Crosse.

GORDON, J. As a defense to this action to quiet title, the defendant attempted to show that she was the owner of at least a portion of the disputed property under a deed of conveyance. She also defended on the ground that she held that same portion of the property under color of title for ten years or more within the meaning of secs. 330.06 and 330.07, Stats. Further, she urged that she was entitled to the property by reason of her adverse possession for twenty years or more within the meaning of secs. 330.08 and 330.09.

We find no difficulty in supporting the trial judge's interpretation of the defendant's deed as failing to give her record title to the disputed area. The defendant holds title to certain lands in the vicinity of the "accretion area," and she disputes the trial court's finding which established the southern boundary of the defendant's property as 119.89 feet south of the south line of Gillett street. Upon the evidence before the trial court, we deem the southern boundary to have been properly determined. Such determination is consistent with the two deeds under which the parties claim record title.

Because of the ambiguity in the defendant's deed, it is arguable that the defendant was justified in attempting to come within secs. 330.06 and 330.07, Stats., so as to claim a holding under color of title for ten years or more. However,

in any event, the real thrust of the defendant's claim rests upon purported adverse possession whether the period involved is ten or twenty years.

The disputed area was created primarily through fill having been deposited there from approximately 1928 until 1957. Mrs. Page's husband had been in the contracting business, and he had deposited considerable fill in the "accretion area." The Pages had also invited others to make deposits of fill there.

The defendant urges that her use of such filled-in area qualified as adverse possession. There was testimony to the effect that the defendant cultivated the area by pulling weeds and cutting willows for firewood. She also caused it to be used as a playground for children. On the riverbank Mrs. Page established a dock, which the trial judge observed was merely a wooden structure floating on barrels. For a time a garden was maintained there by the defendant. Although they were not in existence at the time of the trial, it was contended by the defendant that several buildings had been erected or moved onto the land in question, and at times from 1928 these dwellings were rented to various tenants.

There was evidence that the plaintiff's lessee, who operated a supper club on the plaintiff's property, entered into a rental agreement with the defendant which entitled said lessee to traverse the disputed area in order to have access to the waterfront. In addition, certain receipts for property taxes paid by the defendant were placed into evidence. This, too, is urged as proof of her adverse possession.

The defendant further supports her contention that she had gained adverse possession of this property by pointing out that when the city of La Crosse desired to dredge the Black river for the purpose of establishing a municipal bathing beach in 1946 and the city realized that the construction

would cause sand to spill over onto the disputed area, the city secured the consent of the defendant's mother for such intrusion.

The contention is also made that Mr. Zeisler, on behalf of the plaintiff, wrote a letter which conceded the defendant's title to the disputed land. Mrs. Page stresses the fact that the letter contained the following sentence:

"One of the stockholders of the Zeisler Corp. suggested that we sell the west one hundred feet of our land between Gillette and Iron Streets which is east of your land."

The trial court carefully reviewed the foregoing evidence and concluded that it did not establish adverse possession. With reference to the dumping, the court concluded that the public in general regarded it as a dumping ground and that the defendant's use was not exclusive. Although there were taxes paid by Mrs. Page, buildings erected by her and property rented out by her, the trial court was not convinced that these incidents actually related to the disputed property. He also found vagueness and indefiniteness with respect to the maintenance of the garden and the other physical uses which the defendant claims to have made of the property.

In summary, the trial court concluded that such use as the defendant made of the property was neither precise, continuous, nor significant. See *Seybold v. Burke* (1961), 14 Wis. (2d) 397, 404, 406, 111 N. W. (2d) 143; *Litel v. First Nat. Bank of Oregon* (1928), 196 Wis. 625, 632, 220 N. W. 651. It also concluded that the letter written by Mr. Zeisler did not constitute an admission that the defendant owned the area in question. There is no contention that the area in question was inclosed so as to come within sec. 330.09 (1), Stats.

Our conclusion is that the trial court's determination was not against the great weight and clear preponderance of the

evidence. It was the burden of the defendant to establish the claim of adverse possession on the part of herself or her privies, and we affirm the trial court's conclusion that she failed to do so. In *Illinois Steel Co. v. Budzisz* (1900), 106 Wis. 499, 514, 81 N. W. 1027, 82 N. W. 534, we said:

"Adverse possession should be strictly construed, all reasonable presumptions being made in favor of the true owner, including the presumption that actual possession is subordinate to the right of such owner."

In *Stone Bank Improvement Co. v. Vollriede* (1960), 11 Wis. (2d) 440, 447, 105 N. W. (2d) 789, this court recognized the oft-repeated rule that "adverse possession is not to be made out by inference, but by clear and positive proof." The sporadic occurrences shown by the defendant in the case at bar do not establish the exclusive possession which is one of the important factors in determining adverse possession. *Burkhardt v. Smith* (1962), 17 Wis. (2d) 132, 137, 115 N. W. (2d) 540.

Doubt is also cast upon the propriety of the defendant's contention as to adverse possession by reason of the fact that the disputed area was built upon the bed of a navigable river. Under sec. 30.12 (1) (a), Stats., it is unlawful to deposit any material on the bed of a navigable river without having a permit granted by the public service commission. The defendant and her predecessors did not receive any such permit. The Black river is a navigable stream as defined by sec. 30.10 (2), and it would appear that the defendant did not have a legal right to deposit fill without permission of the state.

The appeal was taken from the judgment and only therefrom. After the judgment there was a motion by the defendant for a new trial based on newly discovered evidence, but no appeal was taken from the order which disposed of such

motion. An appeal from a judgment does not bring before this court for review any order entered subsequent to the judgment. *Schlichting v. Schlichting* (1961), 15 Wis. (2d) 147, 160, 112 N. W. (2d) 149. The plaintiff made an appropriate objection and thus did not waive its objection by participating in a review of this issue on its merits. Cf. *Estate of Burns* (1964), 23 Wis. (2d) 175, 179, 127 N. W. (2d) 239. Accordingly, the merits of the order denying the motion of the defendant for a new trial on the grounds of newly discovered evidence will not be reviewed by this court.

The plaintiff seeks to have the judgment modified by an allowance of additional costs. The plaintiff neglected to incorporate as an item of costs in the judgment a bill of $100 from two surveyors. The trial court declined to modify the judgment, and we consider that in accordance with sec. 269.46 (1), Stats., it was within the trial court's discretion whether to grant or deny such motion to amend the judgment because of counsel's neglect. The trial court's conclusion in this matter should not be disturbed.

*By the Court.*—Judgment affirmed.