575 P.2d 891

Michael Jess ALDAPE and Conchita Marie Aldape, husband and wife, and Elias Aldape, Jr., and Margaret Aldape, husband and wife, Plaintiffs-Appellants,

v.

STATE of Idaho, Paul Akins and Mary Akins, husband and wife, Otto Muller and Marie Muller, husband and wife, James R. Barton and Betty L. Barton, husband and wife, Rube Graham and Mildred A. Graham, husband and wife, Idaho Power Company, a Maine corporation, Melvina M. Suiter, Roy H. Herridge and Frances Herridge, husband and wife, the Idaho First National Bank, Elza E. Everett, Albert Wolfkiel, the Federal Land Bank of Spokane, Donald B. Nesbitt and Betty L. Nesbitt, husband and wife, Standard Oil Company of California, a Delaware corporation, Ada County, and all unknown owners or unknown heirs or unknown owners or heirs or devisees and all persons claiming an interest in the real property covered by this complaint, Defendants-Respondents.

No. 12062.

Supreme Court of Idaho.

March 9, 1978.

Leon R. Weeks of Weeks, Yost, White & Ahrens, Nampa, for plaintiffs-appellants.

Roger L. Williams of Schiller, Williams & Trabert, Nampa, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from a judgment in an action in which plaintiffs-appellants Aldapes sought to quiet title to certain real property on the basis of adverse possession against the State of Idaho, the Akins, the Nesbitts and others. Judgment was entered in favor of the Aldapes and against the State, but it denied Aldapes' claims against the remaining defendants-respondents. No appeal is taken from the judg-

ment entered against the State and the State does not appear herein.[1]

The land in question here, together with adjoining land of the parties, was the subject of a governmental survey in the late 1800's. The record title of the parties conforms to that survey. At the time of the survey the lands of the parties were separated by the Boise River which constituted the northern boundary of the Aldape land and the southern boundary of the Akins' and Nesbitts' lands. Sometime after the survey and the issuance of the original patents, the Boise River cut a new channel to the north of the original channel. That new channel bifurcated the land described in the deeds of the Akins and Nesbitts. Following the channel change of the river, there was a continuous stretch of unbroken land between the Aldapes' northern boundary and the new southern bank of the river. Included in that unbroken land was the abandoned bed of the former channel of the river, the title to which was vested in the State. It is this stretch of unbroken land which is the subject of controversy here.

There is much direct conflict in the evidence, however, it appears clear that the Aldapes became interested in using that unbroken stretch of land between the river's new southern bank and their own northern boundary for grazing cattle. It also appears that the land in question was not well adapted for any other purpose. The Akins, who acquired title in approximately 1954, had no particular use for the property described in their deeds which lay south of the new channel of the river. From that point on the evidence is in conflict. The Akins assert that they agreed to lease the land described in their deed and lying south of the new river channel to the Aldapes and that the consideration for the lease was that the Aldapes would pay the real property taxes thereon. To that end it is asserted that Mrs. Akins had the tax records changed in 1955 so that the tax for that portion of the Akins' land would be assessed directly to the Aldapes. The Aldapes thereafter paid the tax. Likewise, it is asserted that the Nesbitts' predecessor in interest also had the tax records changed so that the lands described in the Nesbitt deed but lying south of the river would be taxed to the Aldapes. The record does not establish that the Aldapes thereafter paid the tax on that portion of the Nesbitt land. Based on that testimony it is the theory of the Akins and Nesbitts that the Aldapes' possession of the property lying south of the river and Aldapes' payment of taxes thereon was permissive and not adverse.

On the other hand, the Aldapes asserted that the Akins had no use for the land described in the Akins' deed but lying south of the river, found it of no value and refused to pay the taxes thereon. It is the Aldapes' theory that since they utilized the land in question and paid taxes thereon, they are now entitled to acquire its title by adverse possession. I.C. § 5–210.

At trial, the court ruled that adverse possession must be established by clear and satisfactory evidence. We find no error therein. *Flora v. Gusman,* 76 Idaho 188, 279 P.2d 1067 (1955). At the conclusion of trial, the court found that the Aldapes had not established the requisite hostile possession to the Akins-Nesbitt lands by clear and satisfactory evidence in light of the Akins-Nesbitts' evidence of an oral lease agreement. That finding is not clearly erroneous and will not be set aside on appeal. I.R.C.P. 52(a).

Appellants, however, contend that proof of that oral lease of the land in question was barred by Idaho's Statute of Frauds, I.C. § 9–505(5). The trial court, however, found the lease in question to be terminable at will and therefore not within the Statute of Frauds. We agree. Further, the Statute of Frauds is a bar only to proof of executory, that is unperformed, contracts and is not a bar to proof of executed contracts. *Anselmo v. Beardmore,* 70 Idaho 392, 219 P.2d 946 (1950). The Statute

---

1. Ordinarily title by adverse possession may not be acquired against the State. *Hellerud v. Hauck,* 52 Idaho 226, 13 P.2d 1099 (1932). However, see *Rutledge v. State,* 94 Idaho 121, 482 P.2d 515 (1971), where the State property involved was the abandoned channel of a river.

therefore was not a bar to the evidence of the oral lease of the land.

Appellants also assert that the cause should be remanded to the trial court for a decision on the theory of accretion. That theory was first raised on appeal and was not before the trial court. The judgment therefore will not be set aside on that basis. *Church v. Roemer*, 94 Idaho 782, 498 P.2d 1255 (1972).

We have considered appellants' other arguments and find them to be without merit.

The judgment is affirmed. Costs to respondent.

McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., concur.