TIMOTHY JAMES HADLEY, APPELLEE, V. MARLAN IDEUS AND
SHERRIE L. DUX-IDEUS, HUSBAND AND WIFE, APPELLANTS.
374 N.W.2d 231

Filed September 27, 1985.   No. 84-398.

Paul Korslund of Everson, Noble, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellants.

Fredrick L. Swartz, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and CHEUVRONT, D.J., and COLWELL, D.J., Retired.

CHEUVRONT, D.J.

This is an action to quiet title by adverse possession brought by the appellee, Timothy James Hadley (Hadley), against the appellants, Marlan Ideus and Sherrie L. Dux-Ideus (Ideus), in the district court for Gage County, Nebraska.

Hadley is the owner of Lot 5, Block 3, Grable and Beachley's Third Addition to the City of Beatrice, Gage County, Nebraska. Ideus is the owner of Lot 4 of said block, lying directly north of Lot 5. The disputed land lies immediately north of the common boundary line between Lots 4 and 5. Following a trial, the district court found that Hadley had acquired the south 3 1/2 feet of Lot 4 by adverse possession and quieted title to said property in Hadley. Ideus has appealed.

The record shows that in 1956 George Woodruff obtained title to Lot 5. At that time Lot 4 was owned by Mattie H. Wickham and was a vacant lot, although there was a fruit cellar located thereon. In 1957 or 1958, having obtained permission from Wickham, Woodruff planted a vegetable garden on Lot 4 and also used the fruit cellar. Woodruff continued to garden this

area for a number of years. Inez Guy, a neighbor who lived behind Woodruff to the west, testified that, to the best of her knowledge, Woodruff did not have a garden on Lot 4 after the mid-1960s, since he shared garden space with her.

In 1964 or 1965 Woodruff erected a fence on Lot 4 which ran from a point near the front, or east, edge of the property to a point near the northeast corner of his garage, a distance of approximately 66.7 feet. The fence was not quite parallel to the common property line, being 3.5 feet north of the line on the east and 2.4 feet north at the end near the garage. Woodruff planted some rosebushes on the south side of the fence, and sometime around 1967 or 1968 planted a row of cedar trees on the line appearing to be a continuation of the fence line, starting behind the garage and running west to a point approximately 10 feet east of the rear lot line. This line extended would appear to terminate at a point on the west line of Lot 4, approximately 1.62 feet north of the common property line.

The fence consisted of square posts with two rails running from post to post, and was painted white. From the time of its construction it has been maintained and painted by Woodruff and his successors in title, including Hadley. Woodruff and his successors also maintained the cedar trees and the grass on both sides of the fence.

Ideus contends that by reason of Woodruff's being allowed to plant a vegetable garden on Lot 4, his use was permissive, and the erection of the fence and planting of the cedar trees and rosebushes was consistent with the original permissive use. Generally, possession of real estate by permission of the owner cannot ripen into title by adverse possession until after a change of position by the one claiming title by possession has been brought home to the true owner. *Petsch v. Widger*, 214 Neb. 390, 335 N.W.2d 254 (1983). The question here is whether the construction of the fence was an act or declaration of hostility sufficiently inconsistent with the permissive use to constitute notice of a hostile possession.

There is no direct evidence that the fence was ever used as part of the garden, such as a support for plants. Obviously, it is not the type that would prevent animals from going into the garden area. We conclude that the fence, rosebushes, and cedar

trees were not part of the garden or attendant thereto and are inconsistent with any use of the property for a garden. This particular fence appears to be a boundary fence.

Generally, where a fence is constructed as a boundary line, although it is not the actual boundary line, and the party claims ownership of the land up to the fence for an uninterrupted period of 10 years, such party obtains title to the land by adverse possession. *Wiedeman v. James E. Simon Co., Inc.,* 209 Neb. 189, 307 N.W.2d 105 (1981); *Conkey v. Anderson Farms, Inc.,* 205 Neb. 708, 289 N.W.2d 541 (1980).

The general rules with respect to acquiring title by adverse possession are well settled in Nebraska. A party who claims title by adverse possession must prove by a preponderance of the evidence that he and his predecessors in title have been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for a full period of 10 years. *Petsch v. Widger, supra.*

The claim of adverse possession is founded upon the intent of the occupant, such intent being determined by his acts. *Nebraska State Bank v. Gaddis,* 208 Neb. 136, 302 N.W.2d 686 (1981). In *Purdum v. Sherman,* 163 Neb. 889, 893, 895, 81 N.W.2d 331, 334-35 (1957), this court said:

> The fact that one claiming title by adverse possession never intended to claim more land than is called for in his deed is not a controlling factor. It is the intent with which possession is held rather than an intention to hold in accordance with his deed that is controlling. The claim of adverse possession is founded upon the intent with which the occupant had held possession, and this intent is ordinarily determined by what he has done in respect thereto. . . .
>
> . . . .
>
> . . . It is the nature of the hostile possession that constitutes the warning, not the intent of the claimant when he takes possession. When, therefore, a claimant occupies the land of another by actual, open, exclusive, and continuous possession, the owner is placed on notice that his ownership is endangered and unless he takes proper action within 10 years to protect himself, he is

barred from action thereafter and the title of the claimant is complete.

The evidence in this case establishes that the boundary-type fence was erected and the rosebushes and cedar trees planted more than 10 years prior to any claim by Ideus. Throughout this period, the fence was painted, the bushes and trees were trimmed and maintained, and the area on both sides of the fence was mowed by Hadley and his predecessors in title. Such acts are such as to be consistent with those performed by owners and constitute evidence of claim of title adverse to Ideus.

Our review of appeals in equity actions requires us to reach an independent conclusion as to disputed facts. However, where there is an irreconcilable conflict on material factual issues, this court will consider the fact that the trial court observed the witnesses and their manner of testifying. *Nebraska State Bank v. Gaddis, supra.*

Applying this standard of review, we conclude that the trial court's finding that the appellee was in actual, continuous, exclusive, notorious, and adverse possession of the disputed strip under a claim of ownership for a full period of 10 years was correct.

Although we conclude that the evidence was sufficient to establish title to the disputed land by adverse possession, as we previously pointed out, that established line did not run parallel to the common boundary line for the full distance from east to west. Therefore, the judgment of the district court is modified to quiet title in the plaintiff to a portion of Lot 4, Block 3, Grable and Beachley's Third Addition to the City of Beatrice, Gage County, Nebraska, described as follows:

Beginning at a point on the east line of Lot 4, at a point 3.5 feet north of the common boundary line between Lots 4 and 5, thence generally in a westerly direction on a straight line a distance of 66.7 feet to a point 2.4 feet north of said common boundary line, thence continuing on a straight line in a generally westerly direction a distance of 82.3 feet to a point on the west line of Lot 4, 1.62 feet north of said common boundary line, thence south along the west line to said common boundary line, thence east on said common boundary line a distance of 149 feet to

the east line of Lot 4, thence north along said east line a distance of 3.5 feet to the place of beginning.
The judgment of the district court is affirmed as modified.
AFFIRMED AS MODIFIED.