Gordon and Dolores KRUSE, Plaintiffs-
Respondents and Cross-Appellants,

v.

HORLAMUS INDUSTRIES, INC., Defendant-
Appellant and Cross-Respondent-Petitioner.

Supreme Court

*No. 84–858. Argued March 4, 1986.—Decided May 16, 1986.*

(Also reported in 387 N.W.2d 64.)

For the petitioner there were briefs by *Daniel L. Sargeant* and *Schloemer, Schlaefer, Alderson, Seefeldt & Spella, S.C.,* West Bend, and oral argument by *Mr. Sargeant.*

For the plaintiffs-respondents and cross-appellants there was a brief by *Daryl W. Laatsch* and *Daryl W. Laatsch, S.C.,* West Bend, and oral argument by *Mr. Laatsch.*

HEFFERNAN, CHIEF JUSTICE. This is a review of an unpublished per curiam decision of the court of appeals dated May 22, 1985, affirming an order by Judge Richard T. Becker, circuit court for Washington county, following a jury trial. The issue before this court is whether the trial court and court of appeals were correct in holding that the claimant's burden in

an adverse possession case is the ordinary or lowest burden—to prove adverse possession by the greater weight of the credible evidence. We affirm on the grounds that Wisconsin case law has consistently applied the middle burden of proof only to those civil cases containing a criminal element, fraud, or gross negligence and that an action for adverse possession does not fall into that category of cases requiring more than the ordinary burden of proof.

In 1959, Gordon and Dolores Kruse purchased land south of the City of West Bend. The Kruses roughly measured the lot boundaries at that time and established a lawn based on those boundaries. Horlamus Industries purchased the land adjacent to the Kruses' property on the north and the east in 1964. Horlamus Industries discovered that the Kruse measurements were incorrect when it surveyed the land in 1981. The true boundaries were west and south of the lot lines recognized by the parties up to that time. Horlamus Industries fenced and filled in the portion of the property which had erroneously been considered to be the Kruses' lawn and to which Horlamus Industries actually held title. The Kruses commenced an action for adverse possession[1] against Horlamus Industries to es-

---

[1] **"893.25 Adverse possession, not founded on written instrument.** (1) An action for the recovery or the possession of real estate and a defense or counterclaim based on title to real estate are barred by uninterrupted adverse possession of 20 years, except as provided by s. 893.14 and 893.29. A person who, in connection with his or her predecessors in interest, is in uninterrupted adverse possession of real estate for 20 years, except as provided by s. 893.29, may commence an action to establish title under ch. 841.

tablish ownership of the two strips of property which they had mistakenly used for over twenty years.

A jury trial was held, and the jury found that the Kruses had obtained ownership of the disputed property through adverse possession. In addition, the jury awarded money damages to the Kruses for wrongful occupancy by Horlamus Industries in the amount of $2,500. On motions after verdict, Judge Becker upheld the jury finding of adverse possession by the Kruses and granted Horlamus Industries' motion to strike the monetary award, finding that no evidence supported the damages awarded by the jury. Horlamus Industries appealed the finding of adverse possession, and the Kruses cross-appealed on the issue of damages. The court of appeals affirmed the trial court on all counts. We granted the defendant Horlamus Industries' petition for review. The decision of the court of appeals on damages adverse to the Kruses was not raised on review.

The sole issue before this court is whether the trial court erred in its instructions to the jury that the lowest or ordinary burden of proof should be applied in answering the special verdict questions on adverse pos-

"(2) Real estate is possessed adversely under this section:

"(a) Only if the person possessing it, in connection with his or her predecessors in interest, is in actual continued occupation under claim of title, exclusive of any other right; and

"(b) Only to the extent that it is actually occupied and:

"1. Protected by a substantial enclosure; or

"2. Usually cultivated or improved."

session.[2] Although Wisconsin has had a great many adverse possession cases, the correct standard of proof for those cases has not previously been addressed. The problem in this instance arises from the use in some adverse possession cases and in this case of the phrase, "evidence of possession must be clear and positive." The

---

[2] The court gave the following instruction on the burden of proof:

"The burden of proof, other than on the damage question in the verdict, rests upon the party contending that the answer to a question should be 'yes.' This burden is to satisfy you, to a reasonable certainty, by the greater weight of the credible evidence that 'yes' should be the answer."

Another portion of the charge to the jury discussing the *nature of the evidence* of adverse possession that could be utilized stated:

"The burden of proof is on the one asserting the claim. The evidence of possession must be clear and positive and must be strictly construed against the claimant. All reasonable presumptions must be made in favor of the true owner. The sole test of adverse possession is the physical character of the possession. This physical possession must be hostile, open and notorious, exclusive and continuous for the statutory period. There must be actual visible means by which notice of the intent to exclude is given to the true owner. Only the premises actually occupied may be adversely possessed, and the land is adversely possessed only if it has been protected by a substantial enclosure or usually cultivated or improved for twenty years."

It is clear that this instruction is not an instruction on the overall burden of proof. Rather, it clarifies what evidentiary standards are appropriate to evaluate the evidence of hostile occupancy by an adverse possession claimant.

Also, we point out that the instruction quoted above may be confusing in respect to its reference to the title holder as "true owner." In conformance with sec. 893.30, Stats. (footnote 5 *infra*), the title holder should be denominated as such and not as the "true owner."

appellant mistakenly considers this to be standard to be used for the overall burden of proof, while in fact it only refers to the quality of evidence which may even be considered. *See, Allie v. Russo,* 88 Wis. 2d 334, 343, 276 N.W.2d 730 (1979) ("The evidence of possession must be clear and positive and must be strictly construed against the claimant."). *See also, Zeisler Corp. v. Page,* 24 Wis. 2d 190, 198, 128 N.W.2d 414 (1964); *Bank of Eagle v. Pentland,* 197 Wis. 40, 42, 221 N.W. 383 (1928). Nor is Wisconsin the only jurisdiction to use the phrase. Connecticut, Michigan, and Oregon, to name a few, have all recently used the terminology.[3] The Illinois Court of Appeals has furthered the confusion by requiring "clear, positive and unequivocal" proof. *Flower v. Valentine,* 135 Ill. App. 3d 1034, 482 N.E. 682, 689 (Ill. App. 1. Dist., 1985). The confusion surrounding the phrase, "clear and positive," derives from the word, "clear," which frequently appears in the middle burden of proof. Because of the confusion which this portion of the instruction may cause, we direct that the words, "must be clear and positive and," be omitted from the instruction. The amended instruction will therefore read, "The evidence of possession must be strictly construed against the claimant." The instruction as so modified comports with the presumption of sec. 893.30, Stats., that favors the holder of the legal title.

In Wisconsin, the ordinary or lowest burden of proof requires that the jury must be satisfied to a reasonable certainty by the greater weight of the credible

---

[3] *Roche v. Town of Fairfield,* 186 Conn. 490, 442 A.2d 911 (1982); *Lee v. Hansen,* 282 Or. 371, 578 P.2d 784 (1978); *Caywood v. Department of Natural Resources,* 71 Mich. App. 322, 248 N.W.2d 253 (Mich. Ct. App., 1977).

evidence. Wis JI—Civil 200 defines "by the greater weight of the evidence" as that which, "when weighed against that opposed to it has more convincing power." The middle burden of proof requires that the jury be convinced to a reasonable certainty by evidence that is clear, satisfactory and convincing. Wis JI—Civil 205.

Those jurisdictions which have attempted to correspond the phrase to accepted standards of proof are fairly equally divided between what Wisconsin refers to as the lower and middle burdens of proof. *See, e.g., Russo v. Stearns Farms Realty, Inc.,* 367 A.2d 714, 717 (R.I., 1977) ("preponderance of the clear and positive evidence"); *Hadley v. Ideus,* 220 Neb. 878, 374 N.W.2d 231 (1985); *Tipton v. Smith,* 593 S.W.2d 298 (Tenn. App., 1979); *Nugent v. Franks,* 471 So. 2d 816 (La. App. 2 Cir., 1985). *But see, Aldape v. State of Idaho,* 98 Idaho 912, 575 P.2d 891 (1978) ("clear and satisfactory" proof); *Bartels v. Anaconda Co.,* 304 N.W.2d 108 (S.D. 1981) ("clear and convincing" proof).

In Wisconsin, the middle burden of proof requires a greater degree of certitude than that required in ordinary civil cases but a lesser degree than that required to convict in a criminal case. *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 299, 294 N.W.2d 437 (1980). This court has generally required the middle burden of proof "[i]n the class of cases involving fraud, of which undue influence is a specie, gross negligence, and civil actions involving criminal acts." *Kuehn v. Kuehn,* 11 Wis. 2d 15, 26, 104 N.W.2d 138 (1960). In general, "clear preponderance" has only been considered substantially equivalent to "clear, satisfactory and convincing evidence" where the civil case involved a crime, fraud or gross negligence. *See, e.g., Trzebietowski v. Jereske,* 159 Wis.

190, 149 N.W. 743 (1914) (civil case involving a crime), and *Hafemann v. Seymer,* 191 Wis. 174, 210 N.W. 373 (1929) (gross negligence), both cited in *Kuehn, supra* at 27.

> "The middle standard for burden of proof was established by this court as applicable to more serious allegations than factual issues in the usual civil case. . . . This court has stated that 'a greater degree of certitude is required before there is a finding against a defendant who will be subjected to the stigma attached to the commission of certain classes of acts.' . . ." (Citations omitted.) *Wangen v. Ford Co.,* 97 Wis. 2d at 300.[4]

Horlamus Industries argues that similar policy reasons should require a greater degree of certitude in adverse possession cases even where there is no fraud or criminal element involved. According to Horlamus Industries, the rationale for requiring clear and positive proof centers on the following principles: Adverse possession is to be taken strictly; there are usually no equities in favor of the adverse claimant; his acts are to be construed strictly against him, rather than against the title holder; and every presumption is to be in favor of possession in subordination to the title

---

[4] During oral argument, Horlamus Industries attempted to distinguish *Bailey v. Hovde,* 61 Wis. 2d 504, 213 N.W.2d 69 (1973), as an instance where the middle burden of proof was used in a civil case not involving a criminal element, gross negligence or fraud. In fact, the burden of proof in that action for reformation of contract was upon the person claiming a right to reformation to prove by clear and convincing evidence that the contract as written was entered into by mutual mistake or by *fraud. Id.* at 511. This is no different from the kinds of cases enunciated in *Kuehn, supra.*

of the record owner. Horlamus Industries argues that the potentially harsh consequences to the title holder mandate that evidence of adverse possession must be strictly construed against the claimant. For that reason, Horlamus Industries claims that the "clear and positive" standard must require the same degree of proof as "clear, satisfactory and convincing."

We do not agree. The strong presumptions in favor of the title holder[5] provide adequate protection against the taking of land by adverse possession, a protection that is afforded independently of the burden of proof. The jury in this case was instructed that:

> "The evidence of possession must be clear and positive and must be strictly construed against the claimant. All reasonable presumptions must be made in favor of the true owner."

Under Wisconsin law, presumptions do not "disappear" or "burst" when evidence to the contrary of the presumed fact is introduced.[6] This means that, even

---

[5] "**893.30 Presumption from legal title.** In every action to recover or for the possession of real property, and in every defense based on legal title, the person establishing a legal title to the premises is presumed to have been in possession of the premises within the time required by law, and the occupation of such premises by another person shall be deemed to have been under and in subordination to the legal title unless it appears that such premises have been held and possessed adversely to the legal title for 7 years under s. 893.27, 10 years under s. 893.26 or 20 years under s. 893.25, before the commencement of the action."

[6] "**903.01 Presumptions in general.** Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are

where rebutting evidence has been produced, the inference from the presumption survived and is sufficient to support a jury verdict until the presumption is met by evidence of equal weight. *Judicial Council Committee's Note—1973,* 59 Wis. 2d R42. The mere fact that presumptions in favor of the title owner exist does not mean that the burden of proof should escalate to a higher standard. In fact, the contrary protection of the presumption thus tends to justify a lower burden of proof. It would obviate any necessity for a higher burden of proof. Rule 903.01, Stats., provides that:

> "[O]nce the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

Implicit in the provision of Rule 903.01, Stats., is a uniform quantum of proof for every presumption. All presumptions at common law and all statutory presumptions which do not express a quantum of proof require the civil standard of proof as the quantum of evidence sufficient to prove that the nonexistence of the presumed fact is more probable than its existence. *Judicial Council Committee's Note—*1973, 59 Wis. 2d R46. This standard of proof is equivalent to "the greater weight of the credible evidence" required by the ordinary burden of proof and further supports the decision of the court of appeals that the trial court applied the

---

prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exit the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

correct standard of proof in this adverse possession action.

■

Horlamus Industries further argues that the instructions to the jury were misleading because the jury was told that it must be satisfied "to a reasonable certainty, by the greater weight of the credible evidence" and that "the evidence of possession must be clear and positive." Reversal and remand are appropriate where an erroneous instruction probably misled the jury. *Fleury v. Wentorf,* 82 Wis. 2d 105, 113, 262 N.W.2d 68 (1978). Having concluded that the trial court was correct in submitting the lower burden of proof to the jury, we also conclude that Horlamus Industries could not have been prejudiced even if the jury were to equate the "clear and positive" language of the instructions with the middle burden of proof. If anything, this would have worked in Horlamus Industries' favor rather than against it. We have, however, *supra,* directed that the "clear and positive" language be deleted from the instruction.

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. *(dissenting).* I disagree with the majority's decision that the lowest burden of proof applies in adverse possession cases. The issue of the proper burden of proof is well established in this state as the middle burden of proof. I believe that this burden is justified by sound policy reasons and I would not deviate from our previous decisions. Accordingly, I dissent.

The majority concludes that the burden of proof in adverse possession cases is one of first impression for

this court. The majority reaches this conclusion by characterizing the phrase "clear and positive" evidence as descriptive of "the quality of evidence which may even be considered." At pages 361–362. The phrase allegedly is not indicative of the quantum of evidence necessary to establish the elements of adverse possession. I disagree with the court's characterization of "clear and positive" evidence as not being a burden of proof. I also disagree that we have not previously specifically addressed the burden of proof in adverse possession cases.

In *Meyer v. Hope*, 101 Wis. 123, 129, 77 N.W. 720 (1898), this court unambiguously stated that the burden of proof in adverse possession cases requires clear and satisfactory proof: "Much stress is laid by the learned counsel for appellant on language often found in the books, that 'adverse possession is not to be made out of inference, but by clear and satisfactory proof.' That is good law." Later in the same opinion, we referred to this burden of proof as requiring "clear and positive evidence." *Id.* at 130. We also concluded that the primary facts of the adverse possession claim in that case were established by "clear, positive, and satisfactory" evidence.

In *Spengler v. Knaus*, 194 Wis. 100, 102, 215 N.W. 900 (1927), we also defined the burden of proof for adverse possession in terms of "clear and satisfactory" proof, while using this phrase interchangeably with "positive and satisfactory" evidence:

> " 'The essential elements of adverse possession cannot properly be found to exist except upon testimony of a positive and satisfactory character. That does not mean that such elements must all be established by direct evidence, but that they must be established in a clear and satisfactory manner by evi-

dence, direct or circumstantial, of a positive, unequivocal character. *Meyer v. Hope,* 101 Wis. 123, 77 N.W. 720. It is not consistent with that to find such elements from mere general statements of witnesses, not based on facts clearly warranting them, nor in the face of facts clearly established which are so inconsistent with adverse possession as to render it altogether improbable.' *Illinois Steel Co. v. Budzisz,* 115 Wis. 68, 84, 90 N.W. 1019."

*Also see Austin v. Holt,* 32 Wis. 478, 490 (1873); *Wadleigh v. Marathon County Bank,* 58 Wis. 546, 552 (1883); *Zellmer v. Martin,* 157 Wis. 341, 344, 147 N.W. 371 (1914), for proposition that adverse possession must be "clearly" established.

Thus, even assuming that "clear and positive" evidence does not describe a standard of proof, we are still not deciding this case on a clean slate. We have defined the burden of proof in terms of "clear and satisfactory" evidence, which is the middle burden of proof. In *Kuehn v. Kuehn,* 11 Wis. 2d 15, 29, 104 N.W.2d 138 (1960), we stated that "clear and satisfactory" evidence is equivalent to "clear, satisfactory, and convincing" evidence. This is the middle burden of proof. Thus, we have previously applied the middle burden of proof in adverse possession cases and for this court to now apply the lowest burden of proof constitutes an abrupt departure from precedent. I do not see the justification for the change.

I could not accept the majority's conclusion to apply the lowest burden of proof even if we had not previously and expressly applied the phrase "clear and satisfactory" evidence to adverse possession cases. I believe that the consideration of the overall burden of proof cannot meaningfully separate the quality of evi-

dence from the quantum of evidence. I am unaware of any such distinction and do not believe that such a distinction has meaning. "Clear and positive" is not different than "clear and convincing" in terms of defining a burden of proof. Thus, if the majority is correct that "clear and positive" refers to the quality of evidence and is not a burden of proof, then "clear and convincing" is also not a burden of proof. This proposition obviously is incorrect and so is the majority's treatment of the "clear and positive" language. Furthermore, to state that "clear and positive" only defines the evidence that may even be considered by a jury, at pages 361–362, is to establish a new qualification for the admissibility of evidence in addition to the requirement of relevancy and materiality. Under the majority's analysis, evidence may be material and relevant, but in an adverse possession case before a jury may consider it, the evidence also must be clear and positive proof of the elements of the claim. I find this new requirement to be improper, just as I find the majority's reasoning to be attempted sophistry in applying the law and concocted to arrive at a result.

The majority's conclusion that "clear and positive" is not a burden of proof is inconsistent with the court's own reasoning. The majority states that other jurisdictions are divided as to whether the phrase corresponds to the lower or middle burden of proof.[1] At page 363. The

---

[1] I note that the majority misleadingly indicates that other jurisdictions are split on the proper construction of the phrase "clear and positive." The majority relies on three opinions that apply the lowest burden of proof in adverse possession cases. None of these opinions, however, construed the phrase "clear and positive." That standard apparently did not apply in those jurisdictions. Thus, the

implication from this statement is that other jurisdictions do consider the phrase to constitute a burden of proof. It therefore is beyond understanding why this court refuses to consider "clear and positive" to be such a burden.

The artificiality of the majority's claim that "clear and positive" is not a burden of proof is indicated by the fact that the majority now directs trial courts not to use the phrase in jury instructions. At page 362. The "clear and positive" requirement, however, is a requirement well established by many decisions of this court. If the phrase refers to an evidentiary requirement that is independent of the burden of proof, as suggested by the majority, then the majority has not shown why this limitation on the "quality of evidence which may even be considered" is so cavalierly eliminated. I submit that the reason is because "clear and positive" really is a burden of proof and that the adjective "clear" conclusively identifies the standard as the middle burden of proof. The majority concedes that the word clear "frequently appears in the middle burden of proof." At page 362. Instead of treating this fact as a clue to the correct

---

decisions are not examples of "jurisdictions which have attempted to correspond the phrase to accepted standards of proof." Majority op. at page 363. A fourth opinion, *Russo v. Stearns Farms Realty, Inc.*, 367 A.2d 714, 717 (R.I. 1977), seems to construe the key phrase to be a more rigorous test than the lowest burden of proof. The *Russo* opinion states that "strict proof," *i.e.*, proof by a preponderance of the clear and positive evidence, is required in adverse possession cases. The decision therefore defines the standard in terms of the phrase "clear and positive," without further defining that phrase. I question, however, whether "strict proof" constitutes the lowest burden of proof in Rhode Island. Thus, there does not appear to be any support for the majority's construction of "clear and positive" as being equivalent to the lowest burden of proof.

burden of proof in adverse possession cases, the majority too conveniently decides to eliminate the troublesome phrase. I would hold that "clear and positive" is a burden of proof and that the majority incorrectly dismisses it as a meaningless phrase affecting only the quality of evidence.

The majority relies on an improper distinction between the quality and quantity of evidence as defining a burden of proof. In *Kuehn*, 11 Wis. 2d at 28, we stated that the correct statement of the complete rule for a burden of proof contains both the element of reasonable certainty and some degree of preponderance of the evidence, such as fair preponderance, clear preponderance or preponderance beyond a reasonable doubt. That all burdens of proof require a preponderance of the evidence is self-evident. In *Klipstein v. Raschein,* 117 Wis. 248, 252–53, 94 N.W. 63 (1903), we stated this obvious rule in the following language: "In the very nature of things no fact can be established to a reasonable certainty, . . . less than a preponderance of the evidence." Thus, the necessary quantity of proof always remains the preponderance of evidence, *i.e.,* more probable than not, while the adjective phrases fair, greater, clear, satisfactory, and convincing define the quality of the evidence which distinguishes the various burdens of proof. The quality aspect of a burden of proof relates to the degree of certainty required. In *Kuehn,* 11 Wis. 2d at 30, we specifically stated that the preferable way to define the middle burden of proof is in terms of "clear, satisfactory and convincing evidence. This language better describes the *quality* and *convincing* power of the evidence." (Emphasis added.) Thus, the phrase "clear and convincing" evidence refers to the quality of the persuasiveness of evidence.

Having concluded that "clear and convincing" and "clear and positive" both describe a quality of evidence, which is an essential element of a burden of proof, I next consider whether "clear and positive" characterizes, the middle or the lower burden of proof. I believe that the use of the word "clear" indicates that the middle burden of proof is intended by the phrase. In *Bengston v. Estes*, 260 Wis. 595, 598–99, 51 N.W.2d 539 (1952), we concluded that the addition of the word "clear" in a burden of proof instruction, without some additional qualifying adjective like "clear and satisfactory" or "clear and convincing" was itself sufficient to indicate the middle burden of proof. We stated that the single adjective "clear" frequently has been used to indicate the higher burden of proof. Inclusion of the adjective in the phrase "clear and positive," therefore, sufficiently indicates the middle burden of proof. Similarly, the word "positive" connotes a greater degree of certainty than the lowest burden of proof. "Positive" evidence is that which is free from ambiguity. Thus, I construe the phrase "clear and positive" to refer to the middle burden of proof.

I conclude that this court has routinely applied the middle burden of proof to adverse possession cases in the past. I consider this to be the appropriate burden of proof. The purpose of a burden of proof is to instruct the factfinder concerning the degree of confidence our society thinks should be present in the correctness of factual conclusions for a particular type of adjudication. *State v. Hanson,* 100 Wis. 2d 549, 563, 302 N.W.2d 452 (1981). In adverse possession cases, the evidence of possession must be clear and positive and must be strictly construed against the claimant. All reasonable presumptions must be made in favor of the true owner.

*Allie v. Russo,* 88 Wis. 2d 334, 343, 276 N.W.2d 730 (1979). The court's treatment of adverse possession prior to this opinion indicates that it is a disfavored claim. Section 893.30, Stats., codifying the presumption that the titleholder was in possession of the property, indicates that the legislature also has special concerns about adverse possession claims. The elements of adverse possession themselves indicate society's reluctance to casually dispossess a titleholder of his property by adverse possession cases. These factors indicate that a high degree of confidence in factual findings should be required in adverse possession cases. Therefore, the middle burden of proof is appropriate.

The majority's decision to apply the lowest burden of proof is inconsistent with the other factors indicating the disfavored status of adverse possession. The majority reasons that because adverse possession claims are otherwise disfavored, we should not further burden such claims. This is illogical. If the claim is disfavored, then consistency requires application of the middle burden of proof. It should require a high degree of confidence in the factual findings in support of adverse possession.

Finally, I disagree with the majority's discussion of the effect of a presumption. Section 893.30, Stats., recognizes a presumption that the titleholder was in possession of the property claimed by adverse possession. The majority's analysis of the presumption makes it a legal theory with no value to the beneficiary. The majority interprets sec. 903.01 to mean that "presumptions do not 'disappear' or 'burst' when evidence to the contrary of the presumed fact is introduced." At page 365. However, the majority then states that a presumption "is met by evidence of equal weight." At page 366.

Under this standard, the opponent of a presumption only has a burden to come forth with equal evidence. It does not give any value to a presumption that cannot be overcome by merely evidence of equal weight. The opponent of the presumption does not have a burden of proof. It is not really a presumption under that test, but merely an advantage to not have to initially produce evidence showing a lack of possession by the title-holder. I would construe sec. 903.01 as imposing a burden of proof on the adverse claimant.

For the above reasons, I dissent from the majority opinion.