William J. Gregg and Margaret Jean Gregg, Plaintiffs-Respondents,
v.
Duane H. Pedersen and Judith R. Pedersen, Defendants-Appellants.
No. 03-2120.
Court of Appeals of Wisconsin.
Opinion Filed: June 8, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 CANE, C.J.
Duane and Judith Pedersen appeal a judgment granting William and Margaret Gregg title to a thirty-foot wide strip of land by adverse possession. The Pedersens argue the trial court improperly shifted the burden of proof to them and erred by finding the Greggs exclusively used the property. They also argue there are insufficient facts to support the trial court's finding of adverse possession. We affirm the judgment.
¶2 The Greggs purchased lakeshore property on Sand Lake in Polk County sometime in 1959. In 1965, the Pedersens purchased the property east of the Greggs to farm. The dispute in this case centers on a thirty-foot wide strip of the Pedersens' property that abuts the Greggs' lot and was used by the Greggs from 1959 until 2000.
¶3 The Greggs primarily used their property during the summertime. After purchasing the lot in 1959, the Greggs cleared the property and, in 1960, placed a cabin there. Although the Greggs believed the cabin was sited entirely on their lot, it was actually partially on the disputed strip of the Pedersens' property. Also around that time, the Greggs placed an outhouse on the disputed strip of the Pedersens' property, which was located thirty to forty feet east of the cabin. The Greggs indicated they used and maintained the area between the cabin and the outhouse as a yard and play area. Further, a year or two later, the Greggs put in a dock and boatlift on the lakeshore of the disputed thirty-foot wide strip of the Pedersens' property on which their cabin and outhouse were located.
¶4 In the late 1980s, the water levels on Sand Lake rose and flooded the portion of the Pedersens' property where the Greggs' cabin and outhouse were located. The Greggs moved their cabin farther back on their lot and abandoned the outhouse. Before the Greggs moved their cabin, however, they surveyed their lot to determine where the cabin could be relocated. After the survey, the Greggs realized they had been using the disputed thirty-foot wide strip of the Pedersens' land. Nevertheless, after the cabin was relocated to sit entirely on their lot and after the water receded two to three years later, the Greggs continued using and maintaining the disputed thirty-foot wide strip of the Pedersens' property.
¶5 In 2000, the Pedersens told the Greggs to stop using their land, cut down a row of trees the Greggs planted on the strip of land, plowed the land for farming, and planted corn. The Greggs commenced an action to claim title to the thirty-foot wide strip of the Pedersens' property by adverse possession.
¶6 After a trial to the court, the trial court found that although the Greggs used the thirty-foot wide strip of property only during the summertime, their seasonal use was exclusive, continuous, open and, by implication, notorious. Further, because the Pedersens did not establish the Greggs used this land with the Pedersens' permission, the court granted the Greggs title to the land. The Pedersens appeal.

DISCUSSION
¶7 The Pedersens first argue the trial court erred by essentially shifting the burden of proof to them, the true owners. The record fails to support their contention.
¶8 The Pedersens take issue with the trial court's quoting of Hahn v. Keith, 170 Wis. 524, 527, 174 N.W. 551 (1919), for the proposition that any "continuous and exclusive possession of land for over twenty years raises the presumption that possession is adverse and throws the burden of proof upon the true owner to show that it was permissive."[1] The Pedersens claim the law of adverse possession has changed and now requires the court to make all reasonable presumption in favor of the true owner and to strictly construe the facts against the adverse claimant.
¶9 The trial court correctly stated that the adverse possessors, the Greggs, must prove by a preponderance of evidence that they hostilely, openly, notoriously, exclusively and continuously possessed property for twenty years. See WIS. STAT. § 893.25(2);[2]see also Kruse v. Horlamus Indus., 130 Wis. 2d 357, 365-66 n.5, 387 N.W.2d 64 (1986), and Leciejewski v. Sedlak, 116 Wis. 2d 629, 636, 342 N.W.2d 734 (1984). The court further properly indicated that it must strictly construe the evidence against the adverse possessor and apply all reasonable presumptions in favor of the true owners, the Pedersens. See Allie v. Russo, 88 Wis. 2d 334, 343, 276 N.W.2d 730 (1979).
¶10 The Pedersens do not specifically explain where the trial court erred, and our review of the record does not reveal how the trial court deviated from these well-established standards. After finding the Greggs used the land for twenty years openly, continuously, exclusively and, by implication, notoriously, thereby satisfying the elements of adverse possession,[3] the court noted the Pedersens could still defeat the Greggs' claim for adverse possession by establishing the Greggs used the land permissively. However, the court found the Pedersens' testimony in this regard incredible, and the trial court was entitled to assess credibility. See WIS. STAT. § 802.17(2). We see nothing improper in the trial court's decision.
¶11 The Pedersens next claim the trial court erred by finding the Greggs exclusively possessed the property. Whether an adverse claimant's possession of the disputed land was exclusive is a question of fact. Harwick v. Black, 217 Wis. 2d 691, 703, 580 N.W.2d 354 (Ct. App. 1998). We uphold a trial court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2).
¶12 In Burkhardt v. Smith, 17 Wis. 2d 132, 137, 115 N.W.2d 540 (1962), the supreme court concluded an adverse possessor proclaims exclusive ownership with acts that "would indicate to any stranger that [the property] was usually being used as an owner would use such land in that [area]." In that case, the court noted that the adverse possessors exercised exclusive ownership over another's land by building his cottage, removing dead trees and brush, and planting a lawn on the true owner's property. Id.
¶13 Here, similar circumstances are present. The trial court found the Greggs used the land during the summertime since 1959. While they initially used and maintained the land for camping, picnicking and lakeshore water activities, the Greggs later sited a portion of their cabin as well as an outhouse on the land. The Greggs also planted trees, parked cars, and conducted recreational summer activities on the strip of land until the lake's water levels began to rise sometime in the late-1980s. Because of the rising waters, the Greggs moved their cabin to higher ground and removed the outhouse, but once the water levels subsided, the Greggs resumed using and maintaining the land.
¶14 Nevertheless, the Pedersens argue the Greggs could not have exclusively used the land due to the Pedersens' off-seasonal use of the property. The trial court did find that the Pedersens used this property, but found their use amounted to occasionally crossing the land in the summertime to go fishing and during the winter months when their son was fox hunting or snowmobiling. Thus, the court found the Pedersens' use of the land was "sporadic at best and does not defeat the Greggs' claim of exclusive use."
¶15 The trial court's finding comports with our conclusion in Otto v. Cornell, 119 Wis. 2d 4, 349 N.W.2d 703 (Ct. App. 1984). There, we held "[t]he true owner's casual reentry upon property does not defeat the continuity or exclusivity of an adverse claimant's possession. The true owner's reentry should be a substantial and material interruption and a notorious reentry for the purpose of dispossessing the adverse occupant." Id. at 7; see also Illinois Steel Co. v. Jeka, 123 Wis. 419, 428-29, 101 N.W. 399 (1904) (exclusive possession is not uniform in every case, as there are degrees of exclusiveness in the exercise of ownership). And our decision in Otto is consonant with WIS. STAT. § 893.32, which states:
Entry upon real estate, when valid as interruption of adverse possession. No entry upon real estate is sufficient or valid as an interruption of adverse possession of the real estate unless an action is commenced against the adverse possessor within one year after the entry and before the applicable adverse possession period of limitation specified in this subchapter has run, or unless the entry in fact terminates the adverse possession and is followed by possession by the person making the entry.
Therefore, the Pedersens' casual and sporadic entry upon the land cannot upset the trial court's finding that the Greggs exclusively possessed the land.
¶16 Finally, the Pedersens simply allege the trial court's written decision does not set forth clear findings of fact or conclusions of law. We disagree.
¶17 The court plainly found the Greggs used the land seasonally since 1959. The court found the Greggs maintained the land, used it for recreational activities, and inadvertently sited a portion of their cabin and an outhouse on it for some time. While the cabin and outhouse were moved in the late 1980s on account of rising water levels, the Greggs resumed maintaining and using the land after the water later subsided. Based on these findings, the court found the Greggs used the land for at least twenty years in an open, continuous, exclusive, and, by implication, notorious manner. Further, the court found the Pedersens' testimony that they gave the Greggs permission to use the land incredible. Therefore, the court found the Greggs met their burden and granted them title by adverse possession. Contrary to the Pedersens' allegation, the trial court clearly set forth its findings, and because none of the findings are clearly erroneous, the judgment is affirmed.
By the Court.  Judgment affirmed.
NOTES
[1] The Pedersens do not argue Hahn v. Keith, 170 Wis. 524, 527, 174 N.W. 551 (1919), is infirm because it does not include all elements of adverse possession.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[3] If the elements of open, notorious, continuous and exclusive possession are satisfied, the law presumes the element of hostile intent. Burkhardt v. Smith, 17 Wis. 2d 132, 139, 115 N.W.2d 540 (1962).