ROBERT W. WERNER ET AL., APPELLEES, V. RALPH H. SCHARDT
ET AL., APPELLANTS.

382 N.W.2d 357

Filed March 7, 1986.    No. 84-610.

Daniel L. Werner of McKernan & Werner, for appellants.

Lyle Joseph Koenig of Germer, Koenig, Murray, Johnson & Daley, for appellees.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

HASTINGS, J.

This is an appeal from a judgment of the district court holding that a prescriptive easement was established by the plaintiffs on the land of the defendants.

In March of 1967 the plaintiffs, Robert W. and Stephen D. Werner, acquired title to a 300-acre tract of land in Thayer County. Access to the land could be accomplished through a hilly pasture from the north or by a dirt road from the east. This road was located on a portion of the farm of the defendants,

Ralph H. and Hulda Schardt, which farm is described as the west half of the southeast quarter, the southeast quarter of the southeast quarter, and the east half of the southwest quarter, all in Section 19, Township 3 North, Range 3 West of the 6th P.M., in Thayer County, Nebraska. Specifically, the road followed a line on defendants' property described as commencing at the southwest corner of the northeast quarter of the southwest quarter of said Section 19, and running on a straight line generally in an easterly direction to the northeast corner of the southeast quarter of the southeast quarter, all in said Section 19.

In 1967 and 1968 the plaintiffs gained access to the farmland primarily from the north, but in 1969 began using their neighbors' farm road. The plaintiffs bought larger machinery in 1969, changing from four-row equipment to eight-row. From that time on, the road was used almost exclusively to gain entrance to the farmland.

Robert Werner testified that from 1969 on he used the road a minimum of 20 times a year. He stated that the land was disked, fertilized, disked again, planted, cultivated, and hilled, with each activity requiring approximately six trips to the field. Additionally, the crops were irrigated for a month to a month and one-half, requiring twice a day attention, and, finally, the crops were harvested, which required numerous trips for the grain truck. This use remained substantially the same from 1969 through 1983. It was unrebutted that the plaintiffs never asked for nor received permission to use the road.

The defendant Ralph Schardt testified that the plaintiffs did not begin using the farm road until 1973, when they drove through his standing wheat crop. He stated unequivocally that he observed the Werners and their help reaching the farm through the pasture from the north prior to 1973. In November of 1982 Schardt barricaded the east entrance to his farm road and dug a ditch across it.

"Our review of appeals in equity actions requires us to reach an independent conclusion as to disputed facts. However, where there is an irreconcilable conflict on material factual issues, this court will consider the fact that the trial court observed the witnesses and their manner of testifying." *Hadley*

*v. Ideus*, 220 Neb. 878, 882, 374 N.W.2d 231, 234 (1985).

In reviewing the testimony and giving weight to the trial court's determination, we find that the Werners' use of the defendants' road began in 1969 and continued until the road was barricaded. In order to obtain rights in the real property of another by prescriptive easement, a claimant "must show that his user was exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for the full 10-year prescriptive period." *Simacek v. York County Rural P.P. Dist.*, 220 Neb. 484, 485, 370 N.W.2d 709, 710 (1985).

We have stated that a use is adverse and under a claim of right if the claimant proves uninterrupted and open use for the necessary period. Once the claimant has established this presumption, it will prevail unless the owner of the land proves by a preponderance of the evidence that the use was by license, agreement, or permission. *Biegert v. Dudgeon*, 213 Neb. 617, 330 N.W.2d 897 (1983).

The Werners established the presumption by showing their use of the farm road to bring their machinery and trucks to their farm numerous times every year for more than 10 years. While on the farm road, the vehicles passed within a quarter of a mile of the Schardts' home and traveled right across their farm. Such use by the Werners, within plain view of the defendants, constitutes open and notorious conduct. Consequently, the burden then shifted to the defendants to demonstrate the existence of a license, agreement, or permission. The Schardts presented no evidence of a permissive use of the road.

Further, it is clear that the plaintiffs' use was exclusive within the meaning of the law. "The word *exclusive* in reference to a prescriptive easement does not mean that there must be use only by one person but, rather, means that the use cannot be dependent upon a similar right in others . . . ." *Plettner v. Sullivan*, 214 Neb. 636, 641, 335 N.W.2d 534, 538 (1983). See, also, *Biegert v. Dudgeon, supra*; *Jurgensen v. Ainscow*, 155 Neb. 701, 53 N.W.2d 196 (1952). Our conclusion is that the plaintiffs have established an easement by prescription across the land of the defendants along the line earlier described.

However, the trial court's ruling that the easement is at least

20 feet wide, and a wider use may be made by the Werners so long as no damage is done to the real estate, cannot stand. The nature and extent or scope of the easement must be clearly established. *Stricker v. Knaub*, 215 Neb. 372, 338 N.W.2d 757 (1983).

Although there was some testimony that the roadway at certain points was as wide as 33 feet, the record supports a regular adverse use of no more than 20 feet. The decree of the district court is accordingly modified to limit the easement to 20 feet in width along the line earlier described, i.e., commencing at the southwest corner of the northeast quarter of the southwest quarter and running on a straight line generally in an easterly direction to the northeast corner of the southeast quarter of the southeast quarter, all in said Section 19.

AFFIRMED AS MODIFIED.