Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/23/2025 09:09 AM CDT

Barbara Fey and L. Gail Wurtele, appellees,
v. Jeffery A. Olson and Dianne M.
Dowding, appellants.

___ N.W.3d ___

Filed May 23, 2025.    No. S-24-567.

1. **Easements: Equity: Jurisdiction: Appeal and Error.** A suit to confirm a prescriptive easement is one grounded in the equitable jurisdiction of the district court and, on appeal, is reviewed de novo on the record, subject to the rule that where credible evidence is in conflict on material issues of fact, the appellate court will consider that the trial court observed the witnesses and accepted one version of the facts over another.
2. **Easements: Words and Phrases.** An easement is an interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.
3. **Easements.** A claimant may acquire an easement through prescription.
4. ____. The law treats a claim of prescriptive right with disfavor.
5. **Easements: Proof: Time.** A party claiming a prescriptive easement must show that its use was exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for the full 10-year prescriptive period.
6. **Easements: Proof.** To prove a prescriptive easement, a claimant must establish each of the elements by clear, convincing, and satisfactory evidence.
7. **Easements: Presumptions: Proof: Time.** Generally, once a claimant has shown open, notorious, and continuous use over a prescriptive period, adverseness is presumed.
8. **Easements: Presumptions.** Where the land is subject to an exception, a presumption of permissiveness rather than adverseness arises.
9. **Easements.** Implied acquiescence is not the same as permission.
10. ____. A neighborly accommodation or a courtesy is not hostile or adverse and cannot ripen into adverse possession or prescriptive easement.

11. ____. Easements to provide access for agricultural and recreational uses are permitted.

Appeal from the District Court for Otoe County: Julie D. Smith, Judge. Affirmed.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellants.

Ryan K. McIntosh, of Brandt, Horan, Hallstrom & Stilmock, for appellees.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The appellants, Jeffery A. Olson and Dianne M. Dowding, challenge the orders of the district court for Otoe County that established a prescriptive easement in favor of the appellees, Barbara Fey and L. Gail Wurtele, across the appellants' property for purposes of both agricultural farming and recreational use. The order also granted injunctive relief regarding inaccessible crops. The appellants filed a timely appeal. We affirm.

## STATEMENT OF FACTS

The property referred to as the "Fey Property" in Otoe County, Nebraska, is a tract of land that has been owned by the appellees or their family members since 1857. Presently, Fey has a life estate interest in the Fey Property and Wurtele owns the remainder interest.

The Fey Property is bordered to the south in part by the appellants' property, hereinafter referred to as the "Dowding Property." The Little Nemaha River runs roughly east-west through the Fey Property and divides it into northern and southern portions. The approximately 18.42 acres to the south of the river are inaccessible by vehicles or farm machinery except by crossing northward through the Dowding Property.

A trail, or access road, crosses the Dowding Property and has been used by the appellees and their family members, tenants, and guests to access the southern portion of the Fey Property since at least the time Fey took ownership more than 60 years ago. Until the facts giving rise to the current matter arose, such use had been without disagreement.

The appellants acquired the Dowding Property's 40 acres in 2016 and have no knowledge of the history of permissive or nonpermissive use. This case arose after the appellants locked the gate from the county road intersection to the access road. The appellees brought an action for a declaratory judgment, which sought, inter alia, a prescriptive easement allowing them access to their property over the Dowding Property and asked for injunctive relief prohibiting the appellants from interfering with the right of access to the Fey Property.

Trial centered on the historic use of the access road. The Fey Property had been used for various activities, such as row crop farming, pasturing horses and cattle, hunting, camping, sleigh rides, and family gatherings, including an annual family trapshoot event. Fey's husband had built a cabin where family gatherings were held, and the cabin was now abandoned. The Fey Property was hunted by members of the appellees' family every year until the access road was closed. Subsequently, without access to the inaccessible property, the annual trapshoot event was moved to Wurtele's home.

Wurtele was not present when her great-grandfather acquired the claimed interest in the access road. She testified that prior to the appellants' ownership of the Dowding Property, the predecessors in interest were not asked for, and did not give, permission to the appellees, or their predecessors in interest, to utilize the access road. Wurtele testified, "We used it when we needed it and nobody questioned it," since it was the only way to access the Fey Property. Wurtele testified that when she was a child, she accessed the Fey Property by horse or occasionally on foot, but that is no longer possible. Fey testified that for many years, the predecessors crossed

the property of one another. When the appellees' inaccessible property is used for grazing, crossing the Dowding Property is necessary to check on the cattle, and in the spring and in the fall, trucks must deliver and remove cow-calf pairs using the access road.

In a written order, the trial court found that the appellees' use of the property has been both agricultural and recreational. Specifically, it found that the widest farm equipment used in the last 10 years was the appellees' tenant's combine harvester, which is approximately 24 feet wide.

The trial court found that the use of the access road by the appellees had been exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for beyond the full 10-year prescriptive period. It determined that a prescriptive easement had been established and declared and ordered that the appellees, and their successors in interest, have the right of ingress and egress to the Fey Property, utilizing the access road across the Dowding Property. It ordered the easement to run with the land.

Although the appellants argued that the prescriptive easement should be limited to agricultural uses only, the court found that the appellees had established both recreational and agricultural uses, including camping and hunting. The court stated that the appellees are entitled to "drive vehicles, campers, four-wheelers, and other vehicles in accordance with their historic use." The court declined to take up an alternative theory of easement by necessity because it had already decided that prescriptive easement was established.

The court also found that there are currently crops planted on the appellees' inaccessible property, and because the crops will not be able to be harvested without use of the access road across the Dowding Property, the Feys were entitled to injunctive relief. The court enjoined the appellants from interfering with the appellees' use. The court ordered that if the appellants used a lock to secure the gate to access the Dowding

Property, then the appellees and their successors in interest must be able to maintain access.

This appeal followed.

## ASSIGNMENTS OF ERROR

The appellants assign, summarized and restated, that the district court erred when it (1) granted a prescriptive easement, (2) failed to impose further restrictions on the prescriptive easement, and (3) declined to take up the issue of easement by necessity.

## STANDARD OF REVIEW

[1] A suit to confirm a prescriptive easement is one grounded in the equitable jurisdiction of the district court and, on appeal to this court, is reviewed de novo on the record, subject to the rule that where credible evidence is in conflict on material issues of fact, this court will consider that the trial court observed the witnesses and accepted one version of the facts over another. *Teadtke v. Havranek*, 279 Neb. 284, 777 N.W.2d 810 (2010); *Melendez v. Holling*, 27 Neb. App. 156, 927 N.W.2d 834 (2019).

## ANALYSIS

In this case, the appellants claim that the district court erred when it granted the appellees a prescriptive easement and other relief and failed to consider the appellants' suggestion to grant an easement by necessity. We do not believe the district court committed error.

[2-4] An easement is "'[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.'" *Feloney v. Baye*, 283 Neb. 972, 976, 815 N.W.2d 160, 164 (2012), quoting Black's Law Dictionary 585-86 (9th ed. 2009). Nebraska case law recognizes that a claimant may acquire an easement through prescription. *Feloney v. Baye, supra*. Nebraska case law has previously noted that the law treats a claim of prescriptive right with disfavor. *Id.*

[5,6] In prescriptive easement cases, we have held that a party claiming a prescriptive easement must show that its use was exclusive, adverse, under a claim of right, continuous and uninterrupted, and open and notorious for the full 10-year prescriptive period. See *Feloney v. Baye, supra*. The word "exclusive" in reference to a prescriptive easement does not mean that there must be use only by one person. *Teadtke v. Havranek, supra*. In order for the appellees to prove a prescriptive easement, they had to establish each of the elements by clear, convincing, and satisfactory evidence. See *Fyfe v. Tabor Turnpost*, 22 Neb. App. 711, 860 N.W.2d 415 (2015). Commonly, the element of adverseness is at issue, as it is in this case.

[7] Following our de novo review of the record, not repeated here, we believe the appellees directly established the required elements save for adverseness. Generally, once a claimant has shown open, notorious, and continuous use over a prescriptive period, adverseness is presumed. See, *Feloney v. Baye, supra*; *Teadtke v. Havranek, supra*. We have stated that if a claimant "proves uninterrupted and open use for the necessary period without evidence to explain how the use began, the presumption is raised that the use is adverse." *Teadtke v. Havranek*, 279 Neb. at 294, 777 N.W.2d at 819. At that point, to defeat the claim, the landowner must present evidence that the use was permissive. *Feloney v. Baye, supra*.

[8] The foregoing presumption of adverseness is the general rule; however, it is subject to exceptions, such as where the land is vacant or unimproved. See *id*. Where the land is subject to an exception, a presumption of permissiveness rather than adverseness arises. See *id*. Referring to the nature of the land and facts recited above, including that the appellees lack access to certain land and that they have used the access road over the appellants' land uninterruptedly for decades, we conclude that the presumption of permissiveness applicable to the exceptions does not apply here. The appellees were entitled to a presumption of adverseness. We therefore examine the

evidence to determine the correctness of the district court's determination that the appellants did not overcome the appellees' evidence of adverseness and, failing that, the appellees were entitled to a prescriptive easement.

The appellants have urged this court to review the evidence and to conclude that adverseness was not established and, as such, that the appellees' use was permissive. Having reviewed the evidence, we believe the record shows that adverseness as understood in law was established by the appellees and not rebutted by the appellants. That is, the appellants did not provide sufficient evidence to overcome the presumption of adverse use and a claim of right.

At trial, Wurtele testified that permission to cross the appellants' property was neither requested nor given. She testified as follows:

> Q. Insofar as you know, was the access to [the Fey] property always by permission?
>
> A. No.
>
> Q. Well, how was it, then? If it wasn't adverse, how was it?
>
> A. We used it when we needed it and nobody questioned it.
>
> Q. All right. And doesn't that mean it was by permission?
>
> A. We didn't ask for permission.

When Wurtele was asked, "Have any of the previous owners of the Dowding property ever given you actual permission to use the access road?" she testified that permission was never given.

The appellants assert that the foregoing evidence shows that the appellants or their predecessors "consented" to the appellees' use and that such consent established permission. We do not agree.

[9] Generally speaking, in the law regarding prescriptive easements, use is either adverse or permissive. See, e.g., *Feloney v. Baye*, 283 Neb. 972, 815 N.W.2d 160 (2012). In our view, this record does not show that the appellants or

their predecessors consented to the appellees' use; rather, the evidence showed that, at best, the appellants acquiesced. We have considered "acquiescence" in property cases and indicated that acquiescence of an owner is not a permissive use. See, *Fischer v. Grinsbergs*, 198 Neb. 329, 252 N.W.2d 619 (1977); *Melendez v. Holling*, 27 Neb. App. 156, 927 N.W.2d 834 (2019). Other courts have held similarly. In *Cremer v. Cremer Rodeo Land and Livestock Co.*, 192 Mont. 208, 211, 627 P.2d 1199, 1201 (1981), the Montana Supreme Court stated that "[i]mplied acquiescence is not the same as permission." We agree with this statement. It has been stated that to grant permission "'means more than mere acquiescence; it denotes the grant of permission in fact. . . .'" *Walker v. Phillips*, 393 Mont. 46, 57, 427 P.3d 92, 100 (2018) (quoting *Cremer, supra*). Thus, to the extent that the appellants acquiesced, use by the appellees was not permissive.

[10] The appellants additionally argue that access may have resulted from being good neighbors. We do not find evidence to support this assertion. Although we are aware that a neighborly accommodation or a courtesy is not hostile or adverse and cannot ripen into adverse possession or prescriptive easement, the principle rests on evidence of neighborliness, which evidence is lacking in this record. Annot., Neighborly Accommodation, 56 A.L.R.7th Art. 8 (2020). We have acknowledged that a neighborly accommodation is permissive and not an adverse use. *Feloney v. Baye, supra*. However, based on the record, we determine that the district court did not err when it concluded that the appellees established the elements of entitlement to a prescriptive easement, and the appellants did not rebut such evidence.

The appellants also claim that the district court erred in the scope of the relief awarded. Given the evidence, we do not believe the district court erred with respect to the scope of the prescriptive easement it granted.

A prescriptive easement for both agricultural and recreational use was granted. At trial, the appellants tendered, but

the district court did not adopt, a proposal more limited in scope. In its order, the district court described the scope and use of the easement as follows:

[T]he plaintiffs [the appellees] have established an easement by prescription across the Dowding Property for ingress and egress to the Fey Property across the access road depicted and described in Exhibit 4, the survey dated March 19, 2024, and legally described in the attached Exhibit "A" hereto (the "Access Road"), subject to the following limitations:

A. The plaintiffs, and their successors in interest to the Fey Property, shall have the right of ingress and egress to the Fey Property utilizing the Access Road across the Dowding Property for purposes of agricultural farming and recreational uses, including camping and hunting. Any vehicles or machinery shall not exceed twenty-four feet (24') in width.

B. This prescriptive easement shall run with the land and bind the successors in interest to both the Fey Property and the Dowding Property.

C. Such ingress and egress upon the Access Road may be granted by the plaintiffs, and their successors in interest, to their tenants, contractors, workmen, guests, and invitees.

D. The plaintiffs, and their successors in interest, shall not utilize the Access Road in a way that unreasonably disturbs or interferes with the quiet use and enjoyment of the Dowding Property by the defendants and their successors in interest.

E. The plaintiffs, and their successors in interest, shall maintain the Access Road in good repair so that no unreasonable damage will result therefrom.

F. This prescriptive easement shall be permanent and run with the land, until the occurrence of any of the following:

i. When the Fey Property, or that portion of the Fey Property lying south of the Little Nemaha River, have unity of ownership with the Dowding Property;

ii. When all of the owners of the Fey Property and the Dowding Property agree to its termination in a writing filed of record with the Otoe County Register of Deeds; or

iii. When terminated by a judgment of decree of this Court.

G. The defendants [the appellants] are hereby enjoined from interfering with the plaintiffs' use of the access road. Should the defendants choose to maintain a locked gate to access the Dowding Property, the defendants shall allow for the plaintiffs, and their successors in interest, to maintain access via their own lock.

[11] We have stated that the extent of an easement is determined from the use actually made of the property during the running of the prescriptive period. Easements to provide access for agricultural and recreational uses, like those in the court's order quoted above, are permitted. See, *Werner v. Schardt*, 222 Neb. 186, 382 N.W.2d 357 (1986) (modifying farm easement to 20 feet consistent with historic agricultural use); *K & H Hideaway v. Cheloha*, 24 Neb. App. 297, 885 N.W.2d 760 (2016) (stating that private road was used for primarily recreational, but also agricultural, purposes).

The appellants maintain that the scope of the order failed to particularize the uses to which the easement could be put. Following our de novo review of the record, we determine that there is support for the order of the district court with respect to the uses and scope identified in the easement awarded. See, e.g., *Teadtke v. Havranek*, 279 Neb. 284, 777 N.W.2d 810 (2010); *Fischer v. Grinsbergs*, 198 Neb. 329, 252 N.W.2d 619 (1977); *Hopkins v. Hill*, 160 Neb. 29, 68 N.W.2d 678 (1955); *Jurgensen v. Ainscow*, 155 Neb. 701, 53 N.W.2d 196 (1952).

The appellants also claim that the district court erred when it did not find it necessary to address their theory of an

easement by necessity. Because we determine that the matter was resolved by issuance of its prescriptive easement order, we agree with the district court that it was not necessary or prudent to address easements of necessity.

## CONCLUSION

We have reviewed the evidence. As explained above, we determine that the district court did not err in the issuance or scope of the prescriptive easement awarded to the appellees. And the court did not err in its injunctive relief. Accordingly, we affirm.

Affirmed.